EL PUEBLO, DEMANDANTE Y APELADO, *v.* JIMÉNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao. en causa por asesinato en segundo grado.

No. 1414.—Resuelto en junio 3, 1920.

NUEVO JUICIO—PRUEBA RECIENTEMENTE DESCUBIERTA—DISCRECIÓN JUDICIAL.—La sospecha con que se mira una solicitud para un nuevo juicio basada en el fundamento de pruebas nuevamente descubiertas exige una fuerte demostración de la diligencia practicada para que la corte de distrito ejercite su discreción concediendo el nuevo juicio, y a falta de tal demostración la moción deberá ser denegada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. B. Huyke* y *C. Travecier.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Se imputó al apelante la comisión de un delito de asesinato en segundo grado y fué declarado culpable de homicidio voluntario.

Los siguientes son los errores que han sido alegados: *Primero,* que la corte cometió error al considerar el hecho como homicidio voluntario; *segundo,* que la corte cometió

error al no instruir al jurado sobre el homicidio involuntario; *tercero,* que la corte cometió error al no conceder un nuevo juicio; y *cuarto,* que la corte cometió error al dar sus instrucciones al jurado.

La prueba es enteramente suficiente para sostener el veredicto y no revela que exista base adecuada para dar una instrucción de homicidio involuntario.

La moción de nuevo juicio se fundó en parte en el motivo de haberse descubierto nuevas pruebas y este es el único aspecto de la cuestión que ha sido discutido en el alegato del apelante. La prueba a que de tal modo se háce referencia consiste (*a*) en una declaración en artículo de muerte, que se alega está en poder del fiscal, en la que se sostiene que el acusado disparó al ver que no podía vencer a su contrario en ninguna otra forma y (*b*) en la declaración de un testigo que declararía que el acusado "tenía un instrumento del tamaño de un cuchillo".

Fuera de la simple manifestación de que esta prueba no pudo haberse presentado en el juicio aun cuando el acusado hubiera demostrado la mayor actividad, no hay constancia alguna acerca de tal diligencia. Las palabras que acaban de citarse ni siquiera indican que se desplegó en verdad ninguna diligencia ni sugieren por qué tal diligencia, de haberse ejercitado, no hubiera servido.

"En casos criminales y particularmente en los de pena capital la regla de que, en ausencia de la debida diligencia para obtener y presentar pruebas, dicha prueba es ineficaz como fundamento para un nuevo juicio, no se aplica tan rigurosamente como en los casos civiles. Sin embargo, la sospecha con que se mira una solicitud para un nuevo juicio basada en el fundamento de pruebas nuevamente descubiertas exige una fuerte demostración de dicha diligencia y a falta de tal demostración la moción deberá ser denegada." 16 C. J. 1191.

"La concesión o denegación de la moción descansa grandemente en la sana discreción de la corte sentenciadora, siendo la consideración principal si se ha hecho debida justicia. En el ejercicio de esta discreción, sin embargo, las cortes siempre han oído con desconfianza

la alegación de pruebas nuevamente descubiertas y como fundamento para la celebración de un nuevo juicio no se le mira favorablemente. Por tanto, se han establecido reglas para que sirvan de norma a la corte en el ejercicio de su discreción en el asunto, y generalmente se negará un nuevo juicio a menos que la solicitud cumpla con estas reglas. Además del requisito esencial de que la prueba debe ser nuevamente descubierta debe existir la debida diligencia por descubrir y presentar dicha prueba antes de dictarse el veredicto; debe ser esencial y competente, no meramente acumulativa, o de naturaleza objeccionable o contradictoria, y debe ser creíble y razonablemente suficiente para que dé por resultado un veredicto diferente en un nuevo juicio.'' *Idem.,* 1182-83.

La única cuestión que se discute en el cuarto señalamiento es la acción de la corte al hacer referencia a la posición económica y social del acusado y al prevenir al jurado de que pudiera ser influído por tales consideraciones. Se dijo al jurado en substancia que el acusado debía ser juzgado y declarado culpable o absuelto de acuerdo con la prueba y la ley según las instrucciones dadas por la corte, lo mismo que lo sería cualquier otro ciudadano sin consideración alguna al punto relativo a las circunstancias económicas o posición social. La instrucción tal como fué dada claramente no tuvo por objeto prevenir el ánimo del jurado contra el acusado, pero ciertamente que dicha instrucción tenía por fin tratar por anticipado y contrarrestar cualquier influencia indebida que el asunto de referencia de otro modo hubiera podido ejercer sobre el jurado en su deliberación.

Algo parece haberse manifestado en la discusión ante el jurado respecto al hecho de no presentar el fiscal la declaración hecha en artículo de muerte a la cual se hace referencia en la moción de nuevo juicio, y se hace cierta insistencia en el comentario hecho por la corte respecto a tal omisión. No se tomó ninguna excepción a ésta, o a ninguna otra parte de la instrucción, ni se levantó cuestión alguna ante esta corte en tal sentido como no fuera en relación con los señalamientos primero y tercero. No se solicitó ninguna instrucción respecto a la presunción legal que surge de la

omisión voluntaria de la prueba aunque la corte al terminar sus instrucciones preguntó si se interesaban otras instrucciones. Luego la defensa solicitó que se diera una ligera instrucción acerca de otro punto la cual fué dada al jurado, pero no se hizo ninguna objeción a las instrucciones ya dadas ni tampoco se solicitaron otras o más instrucciones.

La declaración del propio acusado no presenta un verdadero caso de defensa propia, sino meramente lo suficiente para rebajar el grado del delito a homicidio voluntario. Aun admitiendo la presunción de que la declaración en artículo de muerte era contraria al gobierno sobre la cuestión de asesinato, de ello no se deduce ni parece probable que sería más favorable al acusado que su propia versión de la lucha, la que aparentemente fué aceptada como verdadera por el jurado. En vista de las circunstancias, de haberse cometido algún error, no sólo se renunció a éste, sino que dicho error no era perjudicial.

Sin embargo, si el acusado hubiera sido declarado culpable de asesinato podríamos haber estado dispuestos a considerar desde un punto de vista distinto el asunto, no obstante el hecho de no haberse planteado debidamente la cuestión en la corte inferior. Hacemos mención de esto meramente para llamar la atención acerca de la conveniencia de evitar la molestia innecesaria y los gastos consiguientes en los nuevos juicios y de la facilidad con que puede ser eliminada la posibilidad de una revocación mediante el debido miramiento hacia los derechos del acusado por parte del fiscal, así como de la corte sentenciadora.

Si la declaración en cuestión en realidad de verdad era inadmisible, como se indica en las instrucciones impugnadas, o estaba sujeta a poder ser objetada por la defensa por carecer de los requisitos legales prescritos como salvaguardias contra cualquier posible prejuicio hacia los reconocidos derechos que tiene el acusado en un caso criminal, entonces la práctica mejor y más recomendable hubiera sido presentar el documento a la corte y al abogado de la defensa, sin estar

presente el jurado, dando así al acusado la oportunidad de definir su actitud. Tal procedimiento no hubiera dado lugar a sospecha y hubiera evitado al fiscal la molestia de una situación tal como la que surgió después que el caso había sido sometido al jurado. La revocación de una sentencia condenatoria en un caso de asesinato debido a un error originado por la supresión voluntaria de prueba por parte del fiscal se reflejaría seriamente en la conducta del representante del gobierno y nunca deberá permitirse que surja la necesidad de que esta corte tenga que revocar la sentencia por tal motivo.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.