EL PUEBLO DE PUERTO RICO, apelado, *v.* MIGUEL A. ROSA ATILES, acusado y peticionario.

*Número:* CE-90-722        *Resuelto:* 25 de junio de 1991

*Norma Cotti Cruz, Subprocuradora General,* y *Blanca A. Díaz Segarra, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

█ "Uno de los ingredientes en que de ordinario se asienta toda la norma jurídica es el de las probabilidades. Y en materia de hermenéutica, la regla de que el sentido común está inmerso en toda interpretación. Presumiblemente todo acusado en libertad controla sus movimientos fuera de los tribunales. Como tal, puede adoptar el curso de acción que estime más conveniente a su defensa. Lógicamente ello no es licencia para tomar ventajas, violar y obstaculizar impunemente la eficaz administración de la justicia e ignorar y desatenderse el tribunal que va a juzgarle. Lo contrario es un contrasentido que derrotaría los mejores fines de la justicia y proyectaría una imagen de incertidumbre e impotencia. El debido proceso de ley no se apuntala en dejar al capricho de los acusados cuándo se ventilarán los casos." *Pueblo v. López Rodríguez,* 118 D.P.R. 515, 531–532 (1987).

## I

El 3 de abril de 1987 el Tribunal Superior, Sala de San Juan (Hon. Daniel López Pritchard, Juez), sentenció a Miguel A. Rosa Atiles a cumplir dos (2) años de presidio por una infracción al Art. 404(a) de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404(a), concurrente con un (1) año por violación al Art. 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 416. La sentencia fue suspendida sujeto a varias condiciones. *Fue debidamente advertido de que su incumplimiento podía conllevar la revocación de ese privilegio.*

El 13 de octubre de 1988 el Ministerio Público solicitó una determinación inicial de causa probable y que oportunamente se revocara la probatoria fundado en que Rosa Atiles había cometido los delitos de posesión de marihuana, de cocaína y de un arma de fuego, por lo cual fue arrestado el 21 de julio de 1988.

Conforme el procedimiento establecido, el 18 de octubre el tribunal (Hon. Elpidio Batista, Juez) señaló la vista inicial para el 11 de noviembre. Esta vista fue suspendida para el 16 de noviembre, fecha en que su abogado Carlos Gallisá solicitó se paralizaran los trámites hasta que se dilucidaran las vistas preliminares relacionadas con las acusaciones por cuyos hechos se le quería revocar la probatoria.

Así entrelazados, en varias ocasiones —12 de diciembre de 1988; 18 de enero de 1989; 10 de marzo, 1ro de mayo y 25 de agosto de 1989— se intentó celebrar la vista, pero a solicitud de Rosa Atiles (excepto la última), no es hasta el 25 de agosto de 1989 en que finalmente se determina causa probable para revocar la probatoria y se señala la vista final para el 27 de septiembre de 1989. Rosa Atiles objetó esa determinación. Por primera vez alegó que el tribunal carecía de jurisdicción para actuar sobre el asunto ya que la sentencia había quedado extinguida desde el 24 de marzo de 1989. Se estipuló que él fue encontrado culpable el 25 de agosto de 1989 y el 11 de octubre se dictó sentencia, mediante la cual se le condenaba a cumplir otros dos (2) años de presidio.

Finalmente, después de otras suspensiones adicionales, el tribunal a quo determinó que cuando el fundamento para revocar

una sentencia suspendida es la comisión de otro delito, es requisito indispensable la convicción por el nuevo delito para revocar la probatoria. Razonó que el fallo correspondiente de culpabilidad deberá rendirse *durante el término de la sentencia,* a menos que exista una renuncia expresa o implícita del probando a su derecho de revocación de probatoria. Dicho foro resolvió que, como no había mediado una renuncia por Rosa Atiles, carecía de competencia y jurisdicción para pasar juicio sobre la solicitud de revocación de probatoria a partir de la fecha del cumplimiento de la sentencia original.

A solicitud del Ministerio Público y mediante trámite de mostrar causa, revisamos.

## II

■ Procede revocar. Recientemente, en *Pueblo v. Pacheco Torres,* 128 D.P.R. 586 (1991) —el Juez Asociado Señor Alonso Alonso circuló un voto particular y de conformidad, al cual se unió el Juez Presidente Señor Andréu García; el Juez Asociado Señor Hernández Denton emitió una opinión disidente— decidimos que los tribunales retienen jurisdicción y tienen facultad para revocar una sentencia siempre y cuando el incumplimiento haya ocurrido dentro del término de la sentencia y los procedimientos iniciales para la revocación hayan sido comenzados diligentemente por el Ministerio Fiscal.

Tal es la situación en el presente caso. Si bien la alegación de culpabilidad por los nuevos casos se hizo en agosto de 1989 —cinco (5) meses después de haber transcurrido el término cronológico de la sentencia suspendida— los trámites de la revocación y la vista inicial comenzaron mucho antes. La tardanza se debió a los pedidos del propio acusado, Rosa Atiles. No puede reclamar con éxito carencia de jurisdicción.

*Se expedirá el auto y se revocará la resolución del Tribunal Superior, Sala de San Juan. Se devolverá el caso para los trámites compatibles.*

El Juez Asociado Señor Hernández Denton emitió opinión concurrente. El Juez Asociado Señor Alonso Alonso concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

—O—

Opinión concurrente emitida por el Juez Asociado Señor Hernández Denton.

Conforme a los criterios esbozados en nuestra opinión disidente en *Pueblo v. Pacheco Torres*, 128 D.P.R. 586, 590 (1991), concurrimos en que en el caso de autos el tribunal de instancia retuvo jurisdicción sobre el probando y podía ordenar la revocación de la sentencia suspendida, aun luego de expirado el término de la misma. Cuando el motivo para revocar una sentencia suspendida es el incumplimiento de la condición obligatoria de "no incurrir en conducta delictiva" a tenor con la Sec. 1 de la Ley Núm. 31 de 29 de mayo de 1986 (34 L.P.R.A. sec. 1027a), y el probando es acusado por dicha conducta, no es necesario que recaiga una convicción por delito antes de expirado el período probatorio si se inició el procedimiento de revocación de probatoria durante la vigencia de la sentencia suspendida mediante el arresto o la expedición de la citación para la vista inicial.

I

En el caso de autos Miguel A. Rosa Atiles fue sentenciado el 3 de abril de 1987 a cumplir dos (2) años de presidio por infracción al Art. 404(a) de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404(a), y un (1) año por violación al Art. 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 416. Estas penas se cumplirían concurrentemente bajo el régimen de sentencias suspendidas y se le acreditarían nueve (9) días de prisión preventiva, por lo que *su sentencia expiraba el 24 de marzo de 1989*. Entre las nueve (9) condiciones generales y las dos (2) condiciones especiales, se le advirtió que "[c]ualquier violación a las leyes

vigentes en Puerto Rico [podría] conllevar la revocación de [la probatoria] y deber[ía entonces] cumplir la sentencia impuesta de acuerdo con la ley". Apéndice, Anexo 1, pág. 1A. Esta condición se impone a tenor con el Art. 2A de la Ley de Sentencia Suspendida, *supra*, que dispone que como parte de las condiciones el tribunal hará constar el compromiso del probando "de no incurrir en conducta delictiva . . . mientras esté disfrutando de los beneficios [de la Ley de Sentencia Suspendida]". 34 L.P.R.A. sec. 1027a.

El 21 de julio de 1988, aún bajo probatoria, Rosa Atiles fue detenido y denunciado por infracción a la Ley de Armas de Puerto Rico y a la Ley de Sustancias Controladas de Puerto Rico. El 22 de julio se determinó causa probable para el arresto, pero se le dejó libre bajo fianza. Por estos hechos, el 22 de agosto se le remitió al Fiscal de Distrito un informe de querella mediante el cual se le indicaba que el probando había violado la condición de no incurrir en conducta delictiva. Conforme a la querella, el Ministerio Fiscal presentó una moción para solicitar la revocación de la sentencia suspendida el 13 de octubre. El 18 de octubre el tribunal señaló la vista inicial de causa probable para revocar la probatoria para el 11 de noviembre. *La citación fue expedida el 24 de octubre y diligenciada el 27 de ese mes, aún vigente el período probatorio.*

Tras la citación a las partes, la vista se reseñaló para el 14 de noviembre y luego para el 16. Ese día la defensa solicitó la suspensión hasta esperar el resultado de la vista preliminar señalada para ese mismo día en el caso que motivó la solicitud de revocación. El tribunal dispuso que el probando compareciera primero a la vista preliminar y señaló la vista inicial de revocación de probatoria para el 12 de diciembre de ese mismo año. Ese día el tribunal llamó nuevamente a las partes para la vista inicial de revocación y para juicio por el caso que motivara la moción de revocación. Obviamente, ya se había determinado causa probable en la vista preliminar que motivó la suspensión anterior. Sin embargo, la defensa solicitó otra suspensión porque, alegadamente, se decidió consolidar la vista inicial de revocación con el juicio del caso de sustancias controladas en otra sala. Se

hizo nuevo señalamiento para el 18 de enero de 1989. Ese día la defensa vuelve a pedir la suspensión para esperar el resultado de una vista de supresión de evidencia en el caso que motivó la solicitud de revocación de probatoria. El tribunal accedió y lo reseñaló para el 10 de marzo de 1989. Las partes fueron notificadas en corte.

Posteriormente, se hizo un nuevo señalamiento para el 1ro de mayo. Ese día el fiscal expresó que la vista podía celebrarse en ese momento porque era la vista inicial. Sin embargo, por no encontrarse presente la juez que tenía asignado el caso, se pospuso para el 2 de agosto y luego para el 25. Tras nueve (9) señalamientos, finalmente se celebró la vista inicial el 25 de agosto de 1989, ya expirado el período probatorio. Allí la defensa planteó que no procedía revocarse la sentencia suspendida pues ésta había expirado y no podía existir procedimiento que interrumpiera eso. El Ministerio Fiscal hizo constar que se inició el proceso de revocación dentro del término de la sentencia y que las múltiples suspensiones fueron a solicitud de la defensa. Así, el tribunal de instancia declaró sin lugar el planteamiento de la defensa y determinó causa inicial para revocar la probatoria en cuanto al delito de sustancias controladas. El tribunal determinó "no causa" en cuanto a la revocación de probatoria por el delito de la Ley de Armas de Puerto Rico, pues el procedimiento de revocación se inició luego de cumplida la sentencia suspendida de un (1) año por ese delito.

La vista final fue señalada para el 27 de septiembre de 1989 pero ésta se pospuso, según la minuta de ese día, "por no haberse aún dictado sentencia en el caso que se alega sirve de base para la revocación de probatoria". Apéndice, Anexo 11, pág. 15. Finalmente, el 30 de octubre se celebró la vista final y las partes estipularon que el probando ya había sido convicto por los nuevos delitos cometidos dentro del período de probatoria. Allí la defensa planteó nuevamente que el período de la sentencia no era susceptible de ser interrumpido. Tras concederle término a las partes, el tribunal emitió una resolución para denegar la moción de falta de jurisdicción de la defensa.

Tras una oportuna reconsideración y otros incidentes procesales, el tribunal de instancia acogió la moción de la defensa y desestimó la solicitud de revocación de probatoria por no tener jurisdicción. Concluyó que cuando el motivo de la solicitud de revocación de probatoria es haber incurrido en una nueva conducta delictiva, tiene que recaer una convicción por esos hechos antes de la expiración del período probatorio a menos que el probando renuncie a ello. De esta resolución acude ante nos El Pueblo de Puerto Rico, representado por el Procurador General, y plantea entre otras cosas que dicha determinación es contraria al ordenamiento y "trastoca y altera el balance de intereses entre el convicto en probatoria y el Estado y contraviene el propósito de la Ley de Sentencias Suspendidas". Petición de *certiorari*, pág. 7.

Este caso nos hubiera permitido interpretar el Art. 2A de la Ley de Sentencia Suspendida, *supra*, y resolver si para revocar una probatoria por "incurrir en conducta delictiva" o "cualquier violación a las leyes vigentes" es necesario que recaiga una convicción por esos hechos antes de expirado el período probatorio.

## II

Conforme se desprende de la Exposición de Motivos de la Ley Núm. 31 de 29 de mayo de 1986, la Ley de Sentencia Suspendida, 1986 tuvo como propósito armonizar el interés del Estado en la seguridad de la comunidad con el debido proceso de ley al cual también tienen derecho las personas que se encuentran convictas pero cumpliendo su sentencia suspendida.

Como la libertad en que se encuentran los convictos sujetos a esta ley no es una libertad plena, el tribunal les puede imponer ciertas condiciones para que puedan disfrutar de los beneficios de la sentencia suspendida. *Pueblo v. González Olivencia*, 116 D.P.R. 614, 618 (1985). ". . .[S]ujeto a las condiciones que imponga el tribunal y a su custodia legal hasta la expiración del período fijado en su sentencia", el probando podrá extinguir su condena fuera del penal. *Martínez Torres v. Amaro Pérez*, 116 D.P.R. 717,

721–722 (1987). Véase *Maldonado Elías v. González Rivera*, 118 D.P.R. 260 (1987), voto particular emitido por el Juez Asociado Señor Hernández Denton. Sin embargo, si incumple con dichas condiciones, el Ministerio Fiscal puede presentar al tribunal, si lo entiende procedente, una solicitud para que se inicie el procedimiento de revocación de la probatoria conforme lo dispone la ley. 34 L.P.R.A. sec. 1029.

Entre las condiciones que imponga el tribunal deben incluirse obligatoriamente las que dispone el Art. 2A de la Ley de Sentencia Suspendida:

> El tribunal sentenciador, en todo caso en que ordene que la persona sentenciada quede en libertad a prueba, *impondrá y hará constar por escrito*, como parte de las condiciones de la libertad a prueba, *el compromiso del probando de no incurrir en conducta delictiva* y de no asociarse con personas reconocidas por su participación en actividades ilegales *mientras esté disfrutando de los beneficios que le conceden las secs. 1026 a 1029 de este título.*
>
> Como condición a la libertad a prueba, la persona sentenciada consentirá a someterse a un programa regular para la detección de presencia de sustancias controladas mediante pruebas confiables que permita su orientación, tratamiento y rehabilitación.
>
> . . . . . . . .
>
> Además, el probando, como condición a su libertad a prueba, consentirá a que, *de ser acusado* de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que dispone la sec. 1029 de este título. *La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de la libertad a prueba.* (Énfasis suplido.) 34 L.P.R.A. sec. 1027a.

Este artículo obliga al probando a no incurrir en conducta delictiva, a no asociarse con personas conocidas por sus actividades ilegales y a someterse a pruebas de detección de drogas so pena de que se le revoquen los beneficios de la sentencia

suspendida.(1) También se le impone como condición que consienta a que se le celebre la vista sumaria inicial de revocación de probatoria junto con la vista de determinación de causa probable para el arresto por el nuevo delito grave imputado. Esa determinación de causa probable es prueba suficiente para revocar provisionalmente la sentencia suspendida.

Por otro lado, la ley dispone que el tribunal podrá "en cualquier momento en que a su juicio la libertad a prueba de una persona fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, revocar dicha libertad y ordenar la reclusión de la persona por el período de tiempo completo señalado en la sentencia cuya ejecución suspendió . . .". 34 L.P.R.A. sec. 1029.

Queda claro, pues, que existe una causal de revocación de probatoria general y sumamente abarcadora: la incompatibilidad de la libertad del delincuente con su rehabilitación o con la seguridad de la comunidad. La otra causal, también abarcadora pero limitada a determinados actos o conducta, es la comisión de actos delictivos. Finalmente, la ley provee una causal específica por no querer someterse a las pruebas o al tratamiento. Otras causales específicas son las violaciones a las condiciones particulares que se le hayan impuesto al probando en su sentencia.

Respecto a la causal de incurrir en conducta delictiva, debe hacerse clara la distinción entre dos (2) de los eventos que pueden dar lugar a la revocación de una sentencia suspendida: la comisión de actos criminales y la convicción por esos actos. Cuando el estatuto le impone al probando como condición para mantener su "libertad" que no incurra en conducta delictiva, lo que impone es una prohibición abarcadora. Esta cubre el concepto amplio de conducta delictiva y también sus posibles consecuencias, como lo sería la acusación y posterior convicción. Es decir, lo que busca el estatuto no es tan sólo exigirle al probando que no sea convicto

---

(1) También se dispone expresamente en 34 L.P.R.A. sec. 1028, como causal de revocación de la sentencia suspendida, la negativa del probando a "someterse al programa de pruebas o al tratamiento de rehabilitación que diseñe la Administración de Corrección . . .".

por nuevos delitos, sino evitar que incurra en actos o conducta delictiva mientras se encuentra disfrutando de su libertad limitada. Esta disposición va encaminada a hacer cumplir el propósito dual del estatuto: la rehabilitación del convicto y la protección de la sociedad.[2]

A tenor con estos propósitos, resultaría demasiado oneroso imponerle al Estado y a la comunidad el requisito de obtener una convicción para poder revocar una probatoria por haberse incurrido en conducta delictiva.

Como bien expresan Cohen y Gobert en su tratado de sentencias suspendidas y libertad bajo palabra:

> . . . [M]any statutes and typical probation and parole orders prohibit violations of certain laws. Accordingly, most courts have held that a *criminal conviction is not necessary before the condition is violated.* Indeed, an offender can have probation or parole revoked for criminal activity without ever being convicted or even tried for that activity other than in revocation proceedings. However, the violation itself must be proven at the revocation hearing. Proof of an arrest or the filing of charges alone is insufficient. (Énfasis suplido y citas omitidas.) Cohen & Gobert, *The Law of Probation and Parole*, Colorado Springs, Shepard's/McGraw-Hill, 1983, Sec. 6.01, pág. 222.

De igual forma, al analizar el alcance del Art. 2A, *supra*, la Comisión de lo Jurídico Penal de la Cámara de Representantes entendió que no es necesario para la revocación preliminar o permanente de la sentencia suspendida que recaiga una convicción por un nuevo delito ni antes ni después de expirada la probatoria. De hecho, expresó su conformidad en que tan siquiera es necesario que se presente acusación por la nueva conducta

---

[2] Este propósito queda evidenciado en el Art. 3 de la Ley de Sentencia Suspendida, que dispone:

". . . Durante el período de libertad a prueba la Administración de Corrección ejercerá el grado de supervisión que estime necesario para lograr la rehabilitación de la persona y proteger a la comunidad. Toda persona puesta a prueba será sometida a un régimen disciplinario de vida y a un plan de tratamiento cuya duración y condiciones quedarán a discreción de la Administración de Corrección, según el problema específico de conducta que plantee la persona puesta a prueba." 34 L.P.R.A. sec. 1028.

delictiva para que ésta constituya causa de revocación. La Comisión expresó:

> Por otro lado, se ha sostenido, en la jurisdicción federal, que conducta no constitutiva de delito puede dar base a la revocación de la probatoria, que la comisión de un delito es prueba suficiente para sostener la violación de la probatoria, *que imputado un delito, no tiene que resultar culpable el probando para que se le revoque la probatoria, bastando que viole las condiciones impuestas a ésta. Además, que procede la revocación de la sentencia suspendida a[u]n habiéndose solicitado el archivo de los cargos por insuficiencia de prueba.* (Énfasis suplido.) Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre el P. de la C. 701 de abril de 1986, pág. 5.

Varias jurisdicciones de Estados Unidos han entendido también que la convicción no es requisito previo para la revocación de una sentencia suspendida cuando el juez sentenciador está satisfecho de que se incurrió en la conducta delictiva. Véanse: *U.S. v. Czajak*, 909 F.2d 20, 22 (1er Cir. 1990); *United States v. Markovich*, 348 F.2d 238, 240 (2do Cir. 1965); *Riggs v. United States*, 14 F.2d 5, 10 (4to Cir. 1926), *cert.* denegado, 273 U.S. 719 (1926); *Amaya v. Beto*, 424 F.2d 363, 364 (5to Cir. 1970); *United States v. Ambrose*, 483 F.2d 742, 753–754 (6to Cir. 1973); *Kirsch v. United States*, 173 F.2d 652, 654 (8vo Cir. 1949); *United States v. Carrión*, 457 F.2d 808, 809 (9no Cir. 1972).

De hecho, nuestro ordenamiento permite la revocación provisional de la sentencia suspendida una vez se determina causa probable para el arresto o citación del probando por haber cometido un nuevo delito grave. 34 L.P.R.A. secs. 1027a y 1029(2). No obstante, debe quedar claro que en Puerto Rico, al igual que en algunas jurisdicciones norteamericanas, la determinación final de revocación de probatoria está regida por el criterio de preponderancia de la prueba. 34 L.P.R.A. sec. 1029(3)(b). Este grado de prueba es menor que el requisito indispensable en todo juicio

criminal de que la comisión de un delito debe ser probada "más allá de duda razonable".(3)

Es consistente, pues, con este menor *quantum* de prueba que no haga falta una convicción para que un tribunal de instancia pueda revocar una sentencia suspendida.

> Revocation, however, does not always require a new conviction. It can be based in new criminal acts, which may or may not engender a new criminal conviction. All that is needed is sufficient proof of the illegal acts to satisfy the burden of proof used by the jurisdiction in revocation proceedings. Thus, in some jurisdictions a probationer or parolee's new criminal behavior can justify a revocation if the decisionmaker is satisfied by a preponderance of the evidence that the illegal acts took place. (Citas omitidas.) Cohen y Gobert, *op. cit.*, pág. 500.

La razón de ser para no exigir que recaiga una convicción como requisito previo a la revocación de probatoria por incurrir en conducta delictiva es que, una vez queda demostrado por preponderancia de la prueba que el convicto incurrió en dicha conducta y, por ende, que la probatoria fracasó como medio de rehabilitación, el Estado tiene un interés apremiante en retirar de la comunidad al ya convicto sin la carga de tener que iniciar y finalizar con éxito un largo y costoso proceso criminal adversativo.(4)

Por otro lado, cuando recae una convicción por un nuevo delito antes de la vista final de revocación de probatoria basta con que se presente prueba suficiente de la existencia de la misma para que el tribunal pueda, en el ejercicio de su discreción, revocar la

---

(3) En la esfera federal, el requisito es menos riguroso que el de "preponderancia de la prueba". Allí basta con estar "razonablemente satisfecho" de que ha ocurrido una violación a la sentencia suspendida. Véase, a modo de ejemplo, *United States v. Smith*, 571 F.2d 370, 372 (7mo Cir. 1978).

(4) Distinto es el caso de la Ley Núm. 19 de 12 de marzo de 1914, según enmendada, 34 L.P.R.A. secs. 1030 y 1031. Esta disposición permite imponer sentencias suspendidas en casos menos graves a menores de dieciséis (16) años o mayores de sesenta (60) que no hubieren sido convictos previamente de ningún delito. A tenor con esta ley, la convicción por un nuevo delito de la persona cuya sentencia se suspendió bajo las disposiciones de dicha ley acarrea la nulidad de la sentencia suspendida y el probando debe cumplir la parte de la sentencia que no haya cumplido. Por no ser de aplicación al caso de autos no entramos a discutir el alcance de este estatuto.

sentencia suspendida. La convicción, que fue probada más allá de duda razonable, es prueba suficiente de que se violó una condición de la probatoria. Véase Cohen y Gobert, *op. cit.*, págs. 499–500. A pesar de que, de ordinario, se permitirá al probando explicar la convicción, en un esfuerzo para mitigar su efecto en el procedimiento de revocación no podrá relitigar las controversias que se resolvieran en su contra en el procedimiento criminal. Cohen y Gobert, *op. cit.*, págs. 510–514; *Morrisey v. Brewer*, 408 U.S. 471, 490 (1972).

## III

Según expresamos en nuestra opinión disidente en *Pueblo v. Pacheco Torres*, supra, el procedimiento de revocación de probatoria debe iniciarse dentro del período probatorio para que el tribunal mantenga jurisdicción sobre el probando y pueda revocar la sentencia suspendida aun luego de expirado el período de la misma. Con el propósito de garantizar un mínimo del debido proceso de ley al cual tienen derecho las personas que se encuentran en libertad condicionada, expresamos que es necesario que su diligenciamiento se realice dentro de un período razonable.

No basta, pues, con que el Ministerio Fiscal haga su solicitud *ex parte* de revocación de probatoria, sino que es necesario que el probando sea notificado de que el Estado se propone iniciar la revocación y que se le detallen concisa y claramente las violaciones imputadas y, en caso de orden de arresto, la fianza impuesta, si alguna. Véase 34 L.P.R.A. sec. 1029.

En aras de acelerar el procedimiento de revocación de probatoria, la ley dispone que se "[c]elebrará una vista sumaria inicial . . . junto con la vista de determinación de causa probable del delito imputado de tal suerte que no se obstaculice la pronta y justa determinación de la misma". 34 L.P.R.A. sec. 1029(2). A esto consiente el probando como condición de su sentencia suspendida. 34 L.P.R.A. sec. 1027a.

También la ley permite al tribunal que consolide ambas vistas "si la vista inicial se suspendiera a petición o por causas

atribuibles al probando, a solicitud de su abogado, o cuando el Ministerio Fiscal no solicite o no logre obtener el arresto y encarcelación del probando". 34 L.P.R.A. sec. 1029(3)(c). De esta forma se utilizan más eficientemente los recursos de tiempo y de dinero y se alivia el congestionado calendario de los tribunales. La tendencia es acelerar todo el procedimiento de revocación de probatoria.(5)

## IV

En el caso de autos, Miguel A. Rosa Atiles fue detenido y denunciado —dentro del período de probatoria— por cometer otros delitos. A pesar de que se determinó causa probable para su arresto, dicha vista no fue celebrada conjuntamente con la vista inicial de revocación de sentencia suspendida conforme dispone la ley. 34 L.P.R.A. sec. 1029(2). Sin embargo, el Ministerio Fiscal solicitó más tarde la revocación de la sentencia suspendida porque el probando había incurrido en conducta delictiva. La citación para la vista sumaria inicial *fue expedida y diligenciada dentro del período probatorio.* De este modo se dio inicio al procedimiento de revocación de probatoria; el tribunal preservó su jurisdicción sobre el probando y se cumplió con el debido proceso de ley, pudiendo recaer la determinación provisional o final de revocación de probatoria aun después de expirado el término de la misma.

A pesar de que la vista inicial fue suspendida en múltiples ocasiones a solicitud del probando o de su abogado, el tribunal no consolidó la vista inicial con la final conforme le autoriza la ley. 34 L.P.R.A. sec. 1029(3)(c). Todas estas dilaciones causaron que el procedimiento de revocación de probatoria se extendiera por más de un año.

Además, aunque había causa suficiente para ello, no le fue revocada provisionalmente su sentencia suspendida tras la deter-

---

(5) Véase la Ley Núm. 29 de 8 de diciembre de 1990, que provee "un término expedito para que el tribunal celebre la vista para evaluar si existe causa para creer que el probando ha violado las condiciones de la probatoria". 1990 Leyes de Puerto Rico 647–648.

minación de causa probable para el arresto ni tras la determinación de causa probable para la acusación en la vista preliminar. Por el contrario, el tribunal fue excesivamente generoso al conceder suspensión tras suspensión a petición del probando, con el objetivo de que finalizara el procedimiento criminal que se estaba llevando contra el probando por la comisión de los delitos que motivaron la solicitud de revocación de probatoria. Tal dilación no era necesaria. El procedimiento de revocación de probatoria es independiente del proceso criminal que se pueda estar llevando a cabo contra un probando por otros delitos. Como uno no depende del otro, ambos se pueden celebrar paralelamente, o uno antes que otro, dependiendo las circunstancias particulares de cada caso.

En el caso de autos se pretendía revocar la sentencia suspendida porque el probando incurrió en conducta delictiva durante el período probatorio. Como expusimos anteriormente, no es necesario esperar que recaiga una convicción para que proceda la revocación. Basta con que en la vista de revocación final se demuestre por preponderancia de la prueba que el probando cometió los actos delictivos. Por lo tanto, no es correcta la apreciación del tribunal de instancia de que es necesario esperar por una convicción.

Sin embargo, en el caso de autos el procedimiento criminal contra el probando en efecto culminó en la convicción del mismo por los nuevos delitos. Como el procedimiento de revocación fue iniciado dentro del período probatorio, el hecho de que la vista inicial y la vista final se celebraran una vez expirado el período probatorio no tuvo el efecto de despojar de jurisdicción al tribunal. Además, la gran mayoría de las dilaciones en el procedimiento se debieron a peticiones del probando. De esta forma renunció a cualquier planteamiento de incumplimiento con el debido proceso de ley, si alguno, que pudiera haber hecho.

En vista de todo lo antes expresado y de que la convicción es prueba suficiente de que el probando incurrió en una violación a las condiciones de su sentencia suspendida, revocaríamos la

determinación del foro de instancia y decretaríamos la revocación de la sentencia suspendida.