| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL IX | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>HÉCTOR L. GONZÁLEZ CRUZ<br><br>Peticionario | KLCE202500659 | *Certiorari* procedente del Tribunal de Primera Instancia, Carolina<br><br>Caso Núm.:<br>F BD2014G0378<br><br>Sobre:<br>Apropiación ilegal / agravada |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece ante nos el señor Héctor González Cruz (señor González Cruz o peticionario) en solicitud de que revisemos una *Orden* emitida 5 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En esta, el TPI declaró No Ha Lugar a la solicitud del señor González Cruz en corregir y modificar la pena impuesta en la *Sentencia en Ausencia*, por virtud de la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185.

Por los fundamentos que expondremos a continuación, se adelanta la desestimación del recurso de epígrafe.

A tenor con la Regla 7 (B) (5) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 7 (B) (5), prescindimos de la comparecencia de las partes con interés del caso para lograr el más justo y eficiente despacho.

### I.

Según surgió del expediente ante nuestra consideración, el 15 de octubre de 2014, el señor González Cruz hizo alegación de

---

[1] Se hace constar que en su escrito de apelación, el peticionario alegó recibir la notificación de la referida *Orden* el 19 de mayo de 2025.

culpabilidad por los Artículos 181 y 182 del Código Penal de Puerto Rico, 33 LPRA secs. 5251-5252. Posteriormente, el 3 de diciembre de 2014, el TPI emitió una *Resolución (Drug Court),* en la que ordenó la paralización de los procedimientos y sometió al peticionario a libertad a prueba por el término de tres (3) años, bajo las siguientes condiciones:

1. El probando cooperará en todo momento con el programa Drug Court, para la evaluación de su caso y contestará y suplirá, veraz y fielmente, todas las preguntas e información que se le solicite. No encubrirá sus actividades, ni ocultándose en forma alguna, la investigación y supervisión de su caso.

2. **Ingresará en el Programa para la Rehabilitación de Adictos que se le asigne en la fecha, hora y sitio que el Programa Drug Court le indique y permanecerá en el mismo hasta su total rehabilitación. Cualquier cambio de Programa que se necesite para su rehabilitación deberá autorizarse expresamente por el Tribunal a petición del funcionario del Programa Drug Court.**

3. Mientras el probando se encuentre en el Programa de Rehabilitación, cooperar[á] con las autoridades de la Institución en todo momento y se someterá a todos aquellos exámenes de laboratorio, médicos, psiquiátricos y sicológicos que el Programa Drug Court le indicare como necesario para lograr su rehabilitación y/o supervisión para determinar si se están cumpliendo las presentes condiciones y si el probando est[á] haciendo esfuerzos para rehabilitarse.

4. Permanecerá dentro de la jurisdicción territorial del Tribunal Superior, Sala [...] 205. En el momento en que decida trasladar su residencia, deberá solicitar permiso del Programa Drug Court. No podrá abandonar el territorio de Puerto Rico sin permiso expreso del Tribunal.

5. No podrá visitar, administrar o trabajar en negocios o sitios públicos donde se vendan o se haga uso de bebidas alcohólicas ni podrá estar presente en sitios donde se lleven a cabo juegos de azar prohibidos por ley ni en centros de dudosa reputación. No hará uso de bebidas alcohólicas.

6. Se abstendrá de usar drogas narcóticas u otros estupefacientes[,] salvo por prescripción médica.

7. No se asociará con personas que tengan reputación de adictos o vendedores de drogas.

8. Estará en su hogar no más tarde de las nueve de la noche (9:00 p.m.)

9. Siempre que el Programa al que se acoja, se lo permita, gestionará trabajo y se mantendrá empleado todo el tiempo que le sea posible. Informará siempre al Programa Drug Court de todo cambio de empleo o cesantía y de las razones para ello.

10. **Cualquier violación de cualquier ley vigente en Puerto Rico o los Estados Unidos, cualquier conducta antisocial o reñida con la moral y la violación de cualquiera o cualesquiera de las condiciones que se le imponen, conllevarán la revocación de esta Resolución y se procederá a dictar sentencia en el caso.**

11. **A usted se le podrá revocar su Libertad a Prueba en ausencia si abandona la jurisdicción o se desconoce su**

> **paradero por haber cambiado de dirección sin haberlo informado a su oficial.**
>
> [...]
>
> Condiciones Especiales:
> **El probando recibirá tratamiento para su problema de adicción en Hogar CREA, donde deberá permanecer hasta su total rehabilitación. (Énfasis nuestro).**

Eventualmente, el 4 de mayo de 2016, el Foro Primario emitió una *Sentencia en Ausencia* tras celebrar la *Vista Final de Revocación de Probatoria* del señor González Cruz. En esta, concluyó que el peticionario violó las condiciones de su probatoria impuesta mediante una *Resolución* dictada el 3 de diciembre de 2014, al abandonar el tratamiento y desconocerse su paradero mientras disfrutaba el período de libertad a prueba. En consecuencia, ordenó la revocación en ausencia de la probatoria concedida mediante la Resolución en la que se refirió al programa Drug Court al señor González Cruz y dispuso que fuese arrestado e ingresado a una institución penal para cumplir concurrentemente una pena de reclusión de cuatro (4) años y consecutivamente con cualquier otra sentencia que estuviese cumpliendo. A su vez, le impuso el pago de las penas especiales conforme al ordenamiento legal.

Tiempo después, el 5 de mayo de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar a la solicitud del peticionario para corregir y modificar la pena impuesta en su contra mediante la Regla 185 de Procedimiento Criminal, *supra*, R. 185.

Inconforme con dicha determinación, el 12 de junio de 2025, el señor González Cruz presentó un recurso de *certiorari* en el que planteó que el Foro Primario incidió en cometer los siguientes errores:

> LA HON. JUEZA ROSA DEL CARMEN BENÍTEZ [Á]LVAREZ, LE IMPUSO UNA SENTENCIA ERR[Ó]NEA AL CONVICTO DE 4 AÑOS DE CÁRCEL, CUANDO EL TIEMPO A REVOCARSE A CUMPLIR EN RECLUSIÓN ES LA SENTENCIA INICIAL DEL PROBANDO ESTABLECIDA EN LA RESOLUCIÓN DE LIBERTAD A PRUEBA DEL TÉRMINO DE 3 AÑOS.
>
> LA HON. JUEZA ROSA DEL CARMEN BENÍTEZ [Á]LVAREZ SE EXCEDIÓ EN LA SENTENCIA IMPUESTA AL CONVICTO AL IMPONERLE 1 AÑO ADICIONAL DE RECLUSIÓN AL

T[É]RMINO DE 3 AÑOS A REVOCARSE ESTABLECIDOS EN LA RESOLUCIÓN DE LIBERTAD A PRUEBA.

En esencia, el peticionario nos solicitó corregir la *Sentencia en Ausencia* de cuatro (4) años de reclusión para cumplir la pena originalmente impuesta en la *Resolución (Drug Court)* de tres (3) años o su remanente.

## II.

### A. *Certiorari*

La Regla 34 del Reglamento de este Tribunal, *supra*, R. 34, regula lo atinente al contenido de una solicitud de *certiorari*. A saber, dispone que, entre otros, el recurso debe contener un apéndice con una copia literal de las alegaciones de las partes, incluyendo la denuncia y la acusación, si las hubiera; la decisión que se solicita revisar y su notificación, así como toda resolución, orden, moción u otro documento que forme parte del expediente original del caso en el tribunal de instancias. "[E]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente[,] privando de jurisdicción al foro apelativo". *Morán v. Marti*, 165 DPR 356 (2005). Pues, la parte peticionaria tiene la obligación de poner en posición a este Foro apelativo para aquilatar y justipreciar el error mediante un expediente completo y claro de las controversias. *Íd.*; *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

Es menester puntualizar que el hecho de que una parte comparezca por derecho propio no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

### B. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Ante la falta de jurisdicción, un tribunal carece

de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, un ente adjudicativo carece de discreción para asumir jurisdicción donde no la hay ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción no puede ser subsanada y conlleva la nulidad del dictamen emitido. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. En tal sentido, una sentencia emitida sin jurisdicción es nula en derecho y, consecuentemente, inexistente. *Íd.*

Cuando un tribunal carece de jurisdicción, procede así declararlo y desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Ante ello, la Regla 83 del Reglamento de este Tribunal, *supra*, R. 83, autoriza que este Foro, a iniciativa propia o a petición de parte, desestime un recurso por falta de jurisdicción.

### C. Ley de Sentencia Suspendida y Libertad a Prueba, Regla 247.1 de Procedimiento Criminal

La *Ley de Sentencia Suspendida y Libertad a Prueba*, Ley Núm. 259 de 3 de abril de 1946, 34 LPRA sec. 1026 *et seq.*, confiere la oportunidad de cumplir una sentencia o parte de ella fuera de las instituciones penales, siempre que la persona observe buena conducta y cumpla con las restricciones impuestas por el tribunal sentenciador. *Pueblo v. Vélez Torres*, 212 DPR 175 (2023). La concesión de una sentencia suspendida es un privilegio, por lo que su concesión descansa en la sana discreción del tribunal de instancias. *Íd.*; *Pueblo v. Texidor Seda*, 128 DPR 578 (1991).

En virtud de discrecionalidad concedida por el estatuto, la determinación recurrida goza de corrección. *Pueblo v. Hernández*

*Villanueva*, 179 DPR 872 (2010). Por ello, un foro revisor no debe sustituir el criterio del tribunal de instancias, salvo haya incurrido en prejuicio, parcialidad, error manifiesto o abuso de discreción. *Íd.*

En tal sentido, el Artículo 4 de la *Ley de Sentencia Suspendida y Libertad a Prueba, supra,* sec. 1029, dispone que el tribunal podrá revocar el privilegio y ordenar la reclusión de la persona por el período de tiempo completo señalado en la sentencia cuya ejecución suspendió para ordenar la libertad a prueba, sin abonarle el tiempo en libertad a prueba. Véase, además, *Pueblo v. Texidor Seda, supra; Pueblo v. Rosa Atiles,* 128 DPR 603 (1991); *Martínez Torres v. De Ponce,* 116 DPR 717 (1985). Es decir, "[a]l revocar el tribunal sentenciador puede ordenar la reclusión del probando por el tiempo completo original de la sentencia o su remanente". *Martínez Torres v. De Ponce, supra.* Ello, cuando a su juicio, la libertad a prueba es incompatible con la debida seguridad de la comunidad o con el propósito de la rehabilitación de la persona. *Íd.*

De otra parte, la Regla 247.1 de Procedimiento Criminal, 34 LPRA Ap. II, constituye el procedimiento especial de desvío para la concesión de libertad a prueba destinada a la rehabilitación y el tratamiento de adictos. *Pueblo v. Texidor Seda,* 28 DPR 578 (1991). En este esquema, aunque el imputado haga una alegación de culpabilidad, el tribunal no se pronuncia al respecto. Í*d.* El efecto de este trámite es suspender todo procedimiento y someter a la persona a un periodo de libertad a prueba durante el cual deberá cumplir con aquellos términos y condiciones requeridos por el tribunal. En caso de que el probando incumpla, el tribunal podrá dejar sin efecto la libertad a prueba y proceder a dictar sentencia.

**III.**

Como cuestión de umbral, resulta preciso destacar que este Tribunal carece de jurisdicción para atender la controversia. El señor González Cruz presentó un expediente incompleto de las incidencias

y controversias suscitadas ante el Foro Primario, por lo que impidió que este recurso se perfeccionara. El expediente de este caso está falto de las mociones presentadas por las partes con relación a la revocación del privilegio de libertad a prueba y a la solicitud de corrección de sentencia. Ante ello, este Foro apelativo carece de todos los elementos para prudentemente aquilatar y justipreciar los errores. Por ello, procede desestimar el recurso por falta de jurisdicción, sin entrar en sus méritos.

Ahora bien, y a manera de excepción, aclaramos al peticionario que éste debía cumplir con las condiciones impuestas por el TPI en la *Resolución* de 3 de diciembre de 2014. Una vez se demostró que abandonó su tratamiento y se desconocía su paradero, el señor González Cruz se expuso, tal y como se le advirtió en la propia *Resolución*, así como en las varias vistas de seguimiento dentro del proceso de revocación en las que sí estuvo presente, a la consecuencia de que se revocara su privilegio, y se dictase la sentencia con las penas correspondientes a los delitos por los cuales hizo alegación de culpabilidad.[2] Sépase que al acogerse el proceso

---

[2] Véase, a manera de ejemplo, la Minuta de la Vista Sumaria Inicial celebrada el 10 de febrero de 2015 donde se consigna lo siguiente:

> El Tribunal se dirige al participante, expresa que tiene una posible sentencia de **cuatro años**, por lo que tiene que cumplir con las condiciones del programa, ya que se trata de una oportunidad única y permanecer en el programa es un privilegio. (Énfasis nuestro).

De igual forma, véase Minuta de vista celebrada el 28 de octubre de 2015, en la que se hizo constar lo siguiente:

> El Tribunal hace constar que había dialogado con el probando en cuanto a su libertad provisional y las condiciones Se le recuerda que debe cumplir con las órdenes del Tribunal y se le advierte sobre las consecuencias de incumplir, en adición al desacato, y la revocación, donde no se bonifica Se le advierte que, de ser aceptado en este nuevo Hogar y abandonar el mismo, se entiende que el mensaje es que no quiere rehabilitarse y desea cumplir su sentencia en la cárcel Además, por el incumplimiento de sus condiciones, se ordena una enmienda a la resolución, extendiéndole seis meses al periodo probatorio. Se concede turno posterior para que comparezca el funcionario del Hogar Eliecer.

> […]

> […]

> Según lo informado, el Tribunal hace constar que le dará una cuarta y última oportunidad al probando para ser re-evaluado y le advierte que debe mostrar compromiso.

dispuesto en la *Resolución* del programa *Drug Court,* los procedimientos se paralizaron y la sentencia se suspendió -no se llegó a dictar-. Por ello, cuando el 3 de diciembre de 2014, el TPI dictó la referida *Resolución,* no se pronunció con respecto a la sentencia por los delitos cuya comisión el peticionario aceptó culpabilidad. El término de tres (3) años de libertad a prueba, al cual como vimos le fueron añadidos seis (6) meses, no constituyó el tiempo completo de la sentencia procedente por los delitos por los cuales hizo alegación de culpabilidad.

Es decir, el TPI no tenía que dictar sentencia por el tiempo concedido de libertad a prueba ni por su remanente, ya que la *Resolución* no equivalía al término de la sentencia que se suspendió. Hacemos notar que el peticionario fue debidamente apercibido de lo anterior al aceptar las condiciones de su privilegio de libertad a prueba. Por ello, el TPI no incurrió en prejuicio, parcialidad, error manifiesto o abuso de discreción al revocar el privilegio e imponer una *Sentencia en Ausencia* con una pena de cuatro (4) años de reclusión por los delitos cometidos, siendo este el término completo que debía cumplir a la luz de los delitos por los cuales se declaró culpable, sanción que, tal y como surge de las Minutas citadas en la nota al calce 2 de esta determinación, era de conocimiento del peticionario.

Dicho lo anterior, y por el incumplimiento con las disposiciones reglamentarias antes aludidas, se desestima el recurso presentado por el señor González Cruz por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, se procede a desestimar este recurso.

---

**El probando se compromete a cumplir en esta ocasión y entiende que de incumplir, serían cuatro años de cárcel.** (énfasis suplido)

El Departamento de Corrección y Rehabilitación deberá hacer entrega de la presente Resolución al señor González Cruz en cualquier institución donde se encuentre recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones