EL PUEBLO DE PUERTO RICO, recurrido, *v.* CARLOS E. TEXIDOR SEDA, acusado y peticionario.

*Número:* CE-90-803  *Resuelto:* 21 de junio de 1991

580

*Anthony Keller Charneco,* abogado del peticionario; *Norma Cotti Cruz, Subprocuradora General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Ante el Tribunal Superior, Sala de Mayagüez, el Ministerio Público acusó a Carlos E. Texidor Seda de infringir el Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec.

2401,(1) por hechos ocurridos el 21 de abril de 1989. Conforme a un preacuerdo con el Ministerio Público, Texidor Seda renunció al Jurado e hizo alegación de culpabilidad por una infracción al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404.

El tribunal nunca dictó sentencia. A tenor con las disposiciones del Art. 404(b)(1) de la citada ley,(2) oportunamente emitió

---

(1) Dispone, en lo pertinente:

"(a) Excepto en la forma autorizada en este Capítulo, será ilegal el que cualquier persona, a sabiendas o intencionalmente:

"(1) Fabrique, distribuya, dispense, transporte u oculte, o posea con la intención de fabricar, distribuir, dispensar, transportar u ocultar una sustancia controlada;

"(2) produzca, distribuya o dispense, transporte u oculte o posea con la intención de distribuir o dispensar, trasportar u ocultar una sustancia falsificada."

(2) Dispone:

"(b)(1) Si cualquier persona que no haya sido previamente convicta de violar el inciso (a) de esta sección, o cualquier otra disposición de este Capítulo, o de cualquier ley de los Estados Unidos, relacionada con drogas narcóticas, marihuana, o sustancias estimulantes o deprimentes, es hallada culpable de violar el inciso (a) de esta sección, bien sea después de la celebración del juicio o de hacer una alegación de culpabilidad, el tribunal podrá, sin hacer pronunciamiento de culpabilidad y con el consentimiento de tal persona, suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir, y por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años.

"El consentimiento de la persona incluirá la aceptación de que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que disponen las secs. 1026 a 1029 del Título 34. La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de libertad a prueba.

"En el caso de incumplimiento de una condición de la libertad a prueba, el tribunal podrá dejar sin efecto la libertad a prueba y proceder a dictar sentencia siguiendo lo dispuesto en las secs. 1026 a 1029 del Título 34.

"Si durante el período de libertad a prueba la persona no viola ninguna de las condiciones de la misma, el tribunal, en el ejercicio de su discreción y previa celebración de vista, podrá exonerar la persona y sobreseer el caso en su contra. La exoneración y sobreseimiento bajo este inciso se llevará a cabo sin declaración de culpabilidad por el tribunal, pero se conservará el récord del caso en el tribunal, con carácter confidencial, no accesible al público y separado de otros récords [sic], a los fines exclusivos de ser utilizado por los tribunales al determinar si en procesos subsiguientes la persona cualifica bajo este inciso.

"La exoneración y sobreseimiento del caso no se considerará como una convicción a los fines de las descualificaciones o incapacidades impuestas por ley a los convictos por la comisión de algún delito, incluyendo las penas prescritas bajo este Capítulo por convicciones subsiguientes y la persona así exonerada tendrá derecho a que el Superintendente de la Policía le devuelva cualesquiera récords [sic] de huellas digitales y fotografías que obren en poder de la Policía de Puerto Rico, tomadas en relación con la violación de esta sección. La exoneración y sobreseimiento de que trata esta sección podrá concederse en solamente una ocasión a cualquier persona." 24 L.P.R.A. sec. 2404(b)(1).

una resolución en la que lo sometió al régimen de libertad a prueba. Bajo la misma, Texidor Seda tendría que someterse a tratamiento en el Hogar Crea por espacio de tres (3) años. Posteriormente, el 10 de mayo de 1990, el tribunal redujo dicho término a dos (2) años.

*El 20 de junio de 1990 Texidor Seda abandonó el tratamiento en el Hogar Crea.* El Ministerio Fiscal solicitó la revocación de la libertad a prueba. Celebrada la vista *final* de revocación, la defensa se allanó y el tribunal de instancia (Hon. Carlos Alvarado Arroyo, Juez) revocó el beneficio de libertad a prueba, lo declaró culpable y convicto por infracción al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, *supra*, y lo sentenció a tres (3) años de *reclusión.*

Ante nos, Texidor Seda se queja de que se le aumentara la pena al revocarle su libertad a prueba. Mediante orden de mostrar causa, revisamos.

## II

■ La Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. sec. 1026 y ss.), conocida como Ley de Sentencia Suspendida, es el estatuto general que provee el mecanismo alterno para que un convicto cumpla su sentencia fuera de prisión. Su concesión es un privilegio y no un derecho. *Pueblo v. Martínez Rivera,* 99 D.P.R. 568 (1971); *Pueblo v. Álvarez Maurás,* 100 D.P.R. 620 (1972). Su propósito es rehabilitador, centralizado en la aptitud del individuo de convertirse en un miembro útil de la sociedad. *Vázquez v. Caraballo,* 114 D.P.R. 272 (1983).

■ Recientemente, en *Pueblo v. Vega Vélez*, 125 D.P.R. 188, 195 (1990), señalamos:

La idea básica tras el mecanismo de la sentencia suspendida es sumamente sencilla: lograr que un convicto de delito viva una vida productiva en la sociedad, alejado del trasiego delictivo, bajo un sistema de supervisión. La sentencia suspendida es una alternativa beneficiosa en casos apropiados, tanto para el convicto como para la sociedad. La concesión de una sentencia suspendida a un convicto

de delito "evita los efectos negativos en el individuo que la reclusión tan frecuentemente produce, minimiza el impacto de la reclusión sobre los dependientes y familiares del convicto, preserva la libertad del delincuente sin sacrificar el interés social en la prevención y corrección del crimen, y promueve afirmativamente la rehabilitación del delincuente al permitirle mantener contactos sociales normales pero condicionados en la comunidad . . .".

▪ Por tal razón, la ley confiere al tribunal la facultad discrecional para "suspender los efectos de la *sentencia que se hubiera dictado* . . . y ordenará que la persona sentenciada quede en libertad a prueba . . .". (Énfasis suplido.) 34 L.P.R.A. sec. 1027. Esta discreción está limitada a que el delito no sea uno de los expresamente excluidos(3) y que concurran una serie de requisitos.(4)

En el ejercicio de su discernimiento, el tribunal está facultado para imponer aquellas *condiciones* que considere adecuadas —34 L.P.R.A. sec. 1027a— incluso el cumplir *inicialmente* una fracción de la sentencia en reclusión. *Pueblo v. Vega Vélez*, supra. Si el probando incumple alguna de las condiciones o el tribunal en-

---

(3) ". . . [A]sesinato, robo, incesto, extorsión, violación, crimen contra natura, actos lascivos o impúdicos cuando la víctima fuere menor de 14 años, secuestro, escalamiento, incendio malicioso, sabotaje de servicios públicos esenciales, infracción a las secs. 415 y 416 del Título 25 en su modalidad de delito grave, 418 y 420 del propio título, o cualquier violación a las secs. 561 *et seq.* del Título 25, que constituya delito grave y cualquier delito grave que surja como consecuencia de la posesión o uso ilegal de explosivos o sustancias que puedan utilizarse para fabricar explosivos o detonadores, artefactos o mecanismos prohibidos por las referidas secs. 561 *et seq.* . . .". 34 L.P.R.A. sec. 1027.

(4) Dispone:

"(1) que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, *no hubiere sido convicta*, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada, y a la cual no se hubiere suspendido los efectos de una sentencia anterior por delito grave;

"(2) que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;

"(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad." 34 L.P.R.A. sec. 1027.

tiende que su libertad a prueba es incompatible con la debida seguridad de la comunidad o con el propósito rehabilitador del delincuente, puede "revocar dicha libertad y *ordenar la reclusión de la persona por el período de tiempo completo señalado en la sentencia cuya ejecución suspendió . . .*". (Énfasis suplido.) 34 L.P.R.A. sec. 1029.

## III

■ En 1986, guiados por nuestros señalamientos en *Martínez Torres v. Amaro Pérez*, 116 D.P.R. 717 (1985), la Asamblea Legislativa enmendó el Art. 4 de la Ley de Sentencia Suspendida, 34 L.P.R.A. sec. 1029, a los fines de establecer el procedimiento a seguirse en la revocación de sentencias suspendidas.

■ Además de esa nueva normativa procesal, es menester tener en cuenta la existencia de otras disposiciones que regulan la concesión del privilegio de libertad a prueba, a saber, la Regla 247.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y el Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, *supra*.

■ La Regla 247.1 de Procedimiento Criminal, *supra*, constituye el procedimiento especial *de desvío* para la concesión de libertad a prueba destinada a la rehabilitación y el tratamiento de adictos. Aunque el imputado haga una alegación de culpabilidad, el tribunal no se pronuncia al respecto. El efecto de este trámite es suspender *todo* procedimiento y someter a la persona a un período de libertad a prueba durante el cual deberá cumplir con aquellos términos y condiciones requeridos por el tribunal.

■ En caso de que el probando incumpla, "el tribunal podrá dejar sin efecto la libertad a prueba *y proceder a dictar sentencia* siguiendo lo dispuesto en las secs. 1026 [a 1029 del título 34]". (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 247.1.

■ Por su parte, el Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, *supra*, provee otro mecanismo de concesión de libertad a prueba. Ahora bien, sus beneficios están limitados a personas culpables de infringir el inciso (a) de dicho artículo y que no hayan sido convictas anteriormente por delitos relacionados con sustancias controladas.

■ Bajo este articulado, el tribunal puede, luego de la celebración del juicio o de una alegación de culpabilidad, suspender también todo procedimiento y someter a la persona a libertad a prueba con las condiciones y términos que estime adecuados. *Al igual que el mecanismo de la citada Regla 247.1 de Procedimiento Criminal, el tribunal no hace pronunciamiento de culpabilidad.* El artículo en cuestión dispone expresamente que, en caso de incumplimiento con alguna de las condiciones, el tribunal revocará el beneficio de libertad a prueba y *procederá a dictar sentencia.*

Como vemos, los mecanismos de la referida Regla 247.1 y del Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, *supra*, son análogos al de la Ley Núm. 259, *supra*. Sin embargo, distan de ser idénticos. *Las diferencias resultan cruciales para la fiel solución de esta controversia.* Veamos.

■ Bajo el estatuto general —Ley Núm. 259, *supra*— el tribunal *dicta sentencia* y permite que el convicto la cumpla sin estar recluido. El término de la *probatoria* es igual al de la sentencia dictada. Si infringe alguna de las condiciones, el tribunal podrá suspender la libertad a prueba y recluirlo por el término impuesto en la sentencia.[5]

■ Distinto a la citada Ley Núm. 259, bajo la Regla 247.1 de Procedimiento Criminal, *supra*, y el Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, *supra*, *no hay pronunciamiento de culpabilidad.* En vez de dictar sentencia, el tribunal

---

[5] *Sólo* se le descontará el tiempo que haya sido *privada de su libertad* cualquier persona en cumplimiento de la sentencia. 34 L.P.R.A. sec. 1039.

señala un término durante el cual la persona se someterá a tratamiento. Si incumple, se revoca la libertad a prueba y *entonces* se dicta la sentencia.

## IV

Al aplicar esta normativa al caso de autos, concluimos que el ilustrado foro sentenciador no erró.

Es obvio que Texidor Seda no cumplió con las condiciones impuestas originalmente por el tribunal. Adviértase, además, que la oportunidad que se le concedió fue al amparo del Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, *supra*, ante lo cual el tribunal estaba autorizado para dictar sentencia luego de haber revocado el término probatorio e imponer aquella pena que entendiera procedente en derecho a la luz de las circunstancias específicas del caso.

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Alonso Alonso concurre con el resultado sin opinión escrita. El Juez Asociado Señor Hernández Denton disiente sin opinión escrita.