El Juez Asociado Señor Rivera Pérez
emitió la opinión del Tribunal.
En el presente recurso se nos solicita la revocación de una Sentencia emitida por el Tribunal de Apelaciones. De acuerdo con dicho dictamen, el foro apelativo intermedio revocó una Sentencia del Tribunal de Primera Instancia mediante la cual le concedió el beneficio de sentencia suspendida al señor Vázquez Carrasquillo. Concluyó que al amparo de la Ley de Sentencia Suspendida y Libertad a *43 Prueba([1]) el foro de instancia estaba impedido de concederle dicho beneficio al señor Vázquez Carrasquillo porque éste tenía una deuda en concepto de pensión alimenticia. Veamos los hechos que originaron la presente controversia.
I
El 23 de mayo de 2005, el Sr. Freddy Vázquez Carrasquillo (señor Vázquez Carrasquillo) fue acusado por haber cometido el delito tipificado como agresión, en su modalidad grave,([2]) en la persona del Sr. Miguel Núñez Burgos (señor Núñez Burgos). En específico, se le imputó en la denuncia que agredió en el rostro al señor Núñez Burgos con una botella de cristal, ocasionándole una lesión que requirió doce puntos de suturad([3])
El 22 de septiembre de 2005, celebrada la vista preliminar, el foro de instancia determinó causa probable para acusar al señor Vázquez Carrasquillo por el delito imputado. ([4]) Así las cosas, y previo a la celebración del juicio, el Ministerio Público y la defensa le informaron al foro primario que habían concertado una alegación preacordada. ([5]) Mediante dicho preacuerdo, el señor Vázquez Carrasquillo registró alegación de culpabilidad por el delito imputado a cambio de que el Ministerio Público lo rebajara a uno de tentativa de agresión. Asimismo, el Ministerio Público su *44 girió que se le impusiera al señor Vázquez Carrasquillo una pena de dos años de cárcel, con el beneficio de sentencia suspendida, sujeto al informe presentencia del oficial probatorio. ([6])
Tras leérsele al señor Vázquez Carrasquillo la acusación en su contra, éste se declaró culpable. Una vez examinada la voluntariedad de la alegación preacordada del señor Vázquez Carrasquillo, el foro primario la aceptó y le ordenó al oficial probatorio que preparara el correspondiente informe presentencia. Además, señaló el acto de dictar sentencia para el 16 de diciembre de 2005.([7])
Llegada la fecha de dictar sentencia, el Tribunal de Primera Instancia la reseñaló a petición del señor Vázquez Carrasquillo, quien adujo que estaba realizando gestiones para acogerse a un plan de pago porque adeudada $19,510.85 en concepto de pensión alimenticia.([8])
Posteriormente, el foro de primera instancia celebró una vista sobre solicitud de relevo de pensión alimenticia. De la minuta de dicha vista se deduce que el señor Vázquez Carrasquillo abonó $4,000 a la deuda en concepto de pensión alimenticia.([9]) Como el hijo del señor Vázquez Carrasquillo había cumplido la mayoría de edad, el foro primario ordenó el cierre de la cuenta corriente en A.S.U.M.E. y relevó a éste del pago de la pensión alimenticia. No obstante, también ordenó que la cuenta de atrasos en A.S.U.M.E. se mantuviese abierta por los próximos cinco años, ya que correspondía a su hijo realizar las gestiones pertinentes para cobrar la referida deuda.([10])
Luego de varias suspensiones, el 21 de junio de 2006 el foro de primera instancia celebró el acto de dictar sentencia. El señor Vázquez Carrasquillo argüyó que él era *45 acreedor al beneficio de sentencia suspendida porque la cuenta en A.S.U.M.E. había sido cerrada al advenir su hijo a la mayoría de edad.([11]) No obstante, el Ministerio Público se opuso a que el Tribunal de Primera Instancia le concediera al señor Vázquez Carrasquillo el beneficio de sentencia suspendida, ya que éste tenía una deuda en concepto de pensión alimenticia ascendente a $15,510.85.
Tras examinar los argumentos de las partes, el foro de primera instancia concluyó que no existía impedimento legal alguno por el cual no debía conceder el beneficio de sentencia suspendida al señor Vázquez Carrasquillo. ([12])
Inconforme con dicha determinación, el Procurador General, en representación del Estado, acudió ante el Tribunal de Apelaciones. Alegó, en síntesis, que el foro primario abusó de su discreción al concederle al señor Vázquez Carrasquillo el beneficio de sentencia suspendida ya que, a su entender, no procedía la concesión de dicho beneficio al éste tener una deuda en concepto de pensión alimenticia, aunque no la obligación de alimentar a su hijo.
El foro apelativo intermedio acogió el planteamiento esgrimido por el Procurador General y revocó el dictamen del tribunal a quo. Concluyó que el foro de primera instancia estaba impedido de conceder el beneficio de sentencia suspendida al señor Vázquez Carrasquillo, ya que la Ley de Sentencia Suspendida y Libertad a Prueba excluye de dicho beneficio a las personas que han incumplido con su obligación de pagar pensión alimenticia o no estén acogidos a un plan de pago.
Insatisfecho, el señor Vázquez Carrasquillo acude ante nos mediante Recurso de Certiorari, y arguye que el foro apelativo intermedio cometió el error siguiente:
Erró el Tribunal de Apelaciones al denegarle al aquí peticionario el beneficio de sentencia suspendida, toda vez que éste sa *46 tisface todos los requisitos establecidos en la Ley de Sentencias [sic] Suspendidas [sic] para la concesión de la misma ya que éste, al momento que el Tribunal de Primera Instancia dictó sentencia, no tenía obligación alguna de pagar pensión alimentaria por ser su hijo mayor de edad y ASUME cerró [sic] su caso. (Énfasis en el original.) Petición de certiorari, pág. 7.
Vista la Petición de certiorari, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver sin ulterior trámite.
II
La Ley de Sentencia Suspendida y Libertad a Prueba instituyó en nuestro ordenamiento un sistema mediante el cual se le otorga a un convicto la oportunidad de cumplir su sentencia o parte de ésta fuera de las instituciones carcelarias, siempre y . cuando éste observe buena conducta y cumpla con todas las restricciones que el tribunal le haya impuesto.([13]) El fin de la sentencia suspendida es rehabilitar al individuo que delinque y lograr que éste se convierta en un miembro útil de la sociedad.([14]) Es por ello que la idea que subyace tras el mecanismo de la sentencia suspendida es lograr que el convicto de delito viva una vida productiva en la sociedad, alejado del trasiego delictivo, al amparo de un sistema de supervisión.([15])
Reiteradamente hemos resuelto que la concesión del beneficio de sentencia suspendida es discrecional, ya que su disfrute es un privilegio y no un derecho.([16]) Tal *47 beneficio es un privilegio limitado que se concederá sólo en aquellos casos en que el legislador ha expresado que existe una justificación para evitar su encarcelación.([17]) Es por ello que la concesión de dicho privilegio a un convicto, que cualifica prima facie, descansa en la sana discreción del foro sentenciador. ([18]) Ahora bien, la discreción del juez está limitada a que el delito no sea uno de los expresamente excluidos y que se cumplan cada uno de los requisitos establecidos en la Ley de Sentencia Suspendida y Libertad a Prueba.([19])
Por eso, la Ley de Sentencia Suspendida y Libertad a Prueba dispone que el juez podrá suspender los efectos de una sentencia si concurren todos los requisitos siguientes:
(1) Que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada; y a la cual no se hubieren suspendido los efectos de tma sentencia anterior por delito grave.
(2) Que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico.
(3) Que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad.
*48 (4) [Q]ue, en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos [sic] y esté cumpliendo con el mismo. (Énfasis suplido.)![20])
Del texto citado anteriormente se deduce que el foro de primera instancia no podrá suspender los efectos de una sentencia cuando el convicto incumpla con su obligación de pagar la pensión alimenticia a sus vástagos. De igual forma, el foro sentenciador no podrá conceder los beneficios de la sentencia suspendida cuando el convicto tenga la obligación de pagar una pensión alimenticia y haya incumplido con el plan de pago establecido para abonar a la deuda acumulada.
Es menester señalar que el inciso cuatro del referido estatuto fue incorporado por la Ley Orgánica de la Administración para el Sustento de Menores.([21]) Dicha enmienda respondió a la necesidad del Estado de implantar una política pública efectiva para combatir el incumplimiento de los padres con su obligación moral y legal de alimentar a sus hijos dependientes.([22])
Nuestro ordenamiento no le concede los beneficios de la sentencia suspendida a aquellos convictos que al momento de dictar sentencia incumplen su obligación de pagar la pensión alimenticia, ya que la obligación de alimentar a los hijos está revestida del más alto interés público y dimana del derecho a la vida plasmado en nuestra Constitución.([23]) Es por ello que en nuestra jurisdicción los menores tienen un derecho fundamental a recibir alimentos.([24]) Aun cuando el Art. 142 del Código Civil([25]) circunscribe el derecho de alimentos a la minoridad de los *49 hijos, hemos resuelto que "ni la emancipación ni la mayoría de edad de los hijos relevan al padre de cumplir con su obligación de alimentar a sus hijos si éstos lo necesitaren y las circunstancias lo justificaren.([26]) La obligación de los padres de pagar pensión alimenticia puede extenderse aún después de que el hijo ha cumplido la mayoría de edad si se cumplen las circunstancias expresadas en Key Nieves v. Oyola Nieves, infra.([27])
Ahora bien, es preciso señalar que la Ley de Sentencia Suspendida y Libertad a Prueba dispone que el beneficio de sentencia suspendida se le concederá al convicto cuando éste ha cumplido con su obligación de alimentar a sus hijos o esté acogido a un plan de pago. Conforme lo anterior, surge con meridiana claridad que si al momento de dictar sentencia el convicto no tiene obligación de alimentar a sus hijos y ha cumplido con los demás requisitos establecidos en la Ley de Sentencia Suspendida y Libertad a Prueba, el tribunal de instancia, a su discreción, podrá suspender los efectos de la sentencia de reclusión.
III
Procedamos entonces a aplicar la normativa antes esbozada a la controversia ante nuestra consideración.
En el caso de autos, el foro apelativo intermedio concluyó que el señor Vázquez Carrasquillo no tenía derecho al beneficio de sentencia suspendida —aunque no tenía obligación de alimentar a su hijo— puesto que tenía una deuda sustancial en concepto de pensión alimenticia y no estaba acogido *50 a un plan de pago relacionado con dicha deuda. Erró el foro apelativo intermedio al así resolver. Veamos.
De entrada, es menester señalar que la Ley de Sentencia Suspendida y Libertad a Prueba dispone que el Tribunal de Primera Instancia podrá suspender los efectos de una sentencia de reclusión si, entre otras cosas, el convicto que tiene la obligación de pagar una pensión alimenticia ha realizado los pagos correspondientes o está cumpliendo con el plan de pago establecido.
En conformidad con la aludida disposición legal y según expresáramos en el acápite anterior, el foro sentenciador podrá suspender los efectos de una sentencia de reclusión si el convicto no tiene obligación de pagar pensión alimenticia. Asimismo, el Tribunal de Primera Instancia podrá suspender los efectos de una sentencia de reclusión cuando, al momento de dictar sentencia, el convicto no tiene la obligación de pagar pensión alimenticia pero tiene una deuda con un hijo mayor de edad en concepto de pensión alimenticia atrasada y devengada cuando el hijo era era menor de edad. Ello es así, ya que la Ley de Sentencia Suspendida y Libertad a Prueba no excluye del beneficio de sentencia suspendida a aquellas personas convictas que tienen una deuda en concepto de pensión alimenticia, pero que al momento de dictar sentencia no tienen la obligación de alimentar a sus hijos mayores de edad.
Es imperativo señalar que nuestro análisis no vulnera ni atenta contra la política pública diseñada por el Estado para combatir el incumplimiento de los padres con la obligación de alimentar a sus hijos. Aun cuando reconocemos que la obligación de los padres de alimentar a sus hijos es de raigambre constitucional, no podemos ignorar el lenguaje claro e inequívoco de la Ley de Sentencia Suspendida y Libertad a Prueba. Sabido es que las reglas de hermenéutica legal disponen que los estatutos penales se deben interpretar restrictivamente, mas ello no significa que a las palabras del legislador deba dársele un significado *51 más limitado o que deba hacerse caso omiso a su evidente intención. ([28]) En conformidad con los principios de hermenéutica legal, no podemos refrendar una interpretación que le deniegue el beneficio de sentencia suspendida a aquellos convictos que no tienen obligación de alimentar a su prole.
 Somos conscientes del grave problema social que genera el incumplimiento de los padres con la obligación de alimentar a sus hijos, pero no podemos enmendar mediante fíat judicial la Ley de Sentencia Suspendida y Libertad a Prueba y crear un nuevo requisito a ser considerado por el Tribunal de Primera Instancia al momento de decidir si un convicto cualifica para el beneficio de sentencia suspendida. Ello tendría la inevitable consecuencia de denegarle el beneficio de sentencia suspendida a aquellos convictos que cualifican prima facie para el mismo. Por lo tanto, si la persona convicta adeuda dinero a un hijo mayor de edad por pensión alimenticia atrasada pero no tiene obligación de alimentar a ese hijo u otros al momento de dictar sentencia, el foro de primera instancia podrá suspender la sentencia de reclusión.
Como resultado de lo antes expuesto, es forzoso concluir que el foro de primera instancia actuó correctamente al concluir que el señor Vázquez Carrasquillo era acreedor de los beneficios de la sentencia suspendida, ya que al advenir su hijo a la mayoría de edad no tenía obligación de alimentar a su hijo.([29])
Por los fundamentos antes expuestos, se revoca la sentencia recurrida que emitió el Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia que le concedió el beneficio de sentencia suspendida al señor Vázquez Carrasquillo.

Se dictará sentencia de conformidad.

*52 La Juez Asociada Señora Rodríguez Rodríguez disintió con una opinión escrita, a la cual se unió la Jueza Asociada Señora Fiol Matta.

(1) 34 L.P.R.A. see. 1026 et seq.

(2) El Art. 122 del Código Penal, 34 L.P.R.A. see. 4750, dispone lo siguiente:
“Si la agresión descrita en el Artículo 121 ocasiona una lesión que no deja daño permanente, pero requiere atención médica, ayuda profesional especializada o tratamiento ambulatorio, incurrirá en delito grave de cuarto grado.
“Si la agresión ocasiona una lesión que requiera hospitalización, tratamiento prolongado o genere un daño permanente, incurrirá en delito grave de tercer grado. Esta modalidad incluye, además, lesiones mutilantes; aquellas en las cuales se transmite una enfermedad, síndrome o condición de tratamiento físico prolongado; o aquellas que requieren tratamiento sico-emocional prolongado.”

(3) Apéndice del Recurso de certiorari, pág. 1.

(4) íd., pág. 2.

(5) Apéndice del Recurso de certiorari, págs. 4-5.

(6)íd.

(7) íd.

(8) Apéndice del Recurso de certiorari, pág. 6.

(9) Apéndice del Recurso de certiorari, págs. 9-10. Por lo tanto, la deuda por incumplimiento de pago de la pensión alimenticia se redujo a $15,510.85.

(10) íd.

(11) En dicha minuta se hizo constar que el hijo del señor Vázquez Carrasquillo se había traslado a Estados Unidos con su madre y se desconocía su dirección.

(12) Apéndice del Recurso de certiorari, pág. 11.

(13) Pueblo v. Zayas Rodríguez, 147 D.P.R. 530 (1999); Pueblo v. Molina Virola, 141 D.P.R. 713 (1996).

(14) Véanse: Pueblo v. Rodríguez Velázquez, 152 D.P.R. 192, 202 (2000); Pueblo v. Zayas Rodríguez, supra.

(15) Pueblo v. Rodríguez Velázquez, supra; Pueblo v. Texidor Seda, 128 D.P.R. 578 (1991).

(16) Pueblo v. Rodríguez Velázquez, supra, pág. 202; Pueblo v. Zayas Rodríguez, supra; Pueblo v. Molina Virola, supra.

(17) Pueblo v. Rodríguez Velázquez, supra; Pueblo v. Pérez Rivera, 129 D.P.R. 306 (1991).

(18) Pueblo v. Zayas Rodríguez, supra.

(19) Pueblo v. Bonilla, 148 D.P.R. 486, 495 (1999); Pueblo v. Texidor Seda, supra.

(20) 34 L.P.R.A. see. 1027.

(21) 8 L.P.R.A see. 501 et seq.

(22) Véase Exposición de Motivos de la Ley Núm. 86 de 17 de agosto de 1994.

(23) Art. II, Secs. 1 y 7, Const. E.L.A., L.P.R.A., Tomo 1.

(24) Rodríguez v. Depto. Servicios Sociales, 132 D.P.R. 617, 633 (1993).

(25) 31 L.P.R.A. see. 561.

(26) Sosa Rodríguez v. Rivas Sariego, 105 D.P.R. 518, 523 (1976). Véanse: Arts. 149 y 150 del Código Civil, 31 L.P.R.A. sees. 568 y 569.

(27) En Key Nieves v. Oyola Nieves, 116 D.P.R. 261 (1985), resolvimos que cuando la hija o el hijo ha iniciado estudios universitarios durante la minoridad, éste tiene derecho a exigir que el alimentante le provea los medios para terminarlos, aún después de haber llegado a la mayoridad. Respecto a los estudios postgraduados, resolvimos que éstos ameritan una consideración especial y separada, que deberá resolverse caso a caso.

(28) Pueblo v. Mantilla, 71 D.P.R. 36, 44 (1950).

(29) Ahora bien, distinto sería el caso si al advenir el hijo a la mayoría de edad, aún subsiste la obligación del padre de pagarle pensión alimenticia. En ese caso, el convicto no sería acreedor al beneficio de sentencia suspendida puesto que tendría la obligación dealimentar a su hijo.