PER CURIAM
(Regla 50)
En este caso debemos resolver si, pese a la oposición del Ministerio Público, una persona acusada por la simple po- *450 sesión de sustancias controladas en un área recreativa puede ser referida a un programa de desvío al amparo de la Regla 247.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Tras analizar las distintas normas que rigen el asunto, concluimos que dicho beneficio no está disponible en las circunstancias del presente caso. Por lo tanto, expedimos el auto solicitado y confirmamos el dictamen recurrido.
I
El Sr. Jorge Torres Serrano fue acusado por infringir el Art. 411A de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2411a, el cual tipifica como delito grave la mera posesión de sustancias controladas en una instalación educativa o recreativa, ya sea pública o privada.(1) En concreto, el Ministerio Público le imputó a Torres Serrano poseer marihuana en las inmediaciones de la cancha de baloncesto de un residencial público. Según alega el peticionario, éste renunció a la vista preliminar para acogerse a un programa de desvío.
En el día señalado para la celebración del juicio, Torres Serrano solicitó ser referido al Programa de Salones Espe-cializados en Casos de Sustancias Controladas, mejor co-nocido como “Drug Court”. No obstante, el Ministerio Pú-blico se opuso a dicha petición por entender que las personas acusadas al amparo del Art. 411A de la Ley de Sustancias Controladas, supra, no cualifican para tal beneficio. Tras escuchar los argumentos de ambas partes, *451 el Tribunal de Primera Instancia, Sala Superior de Gua-yama, declaró “con lugar” la solicitud de desvío y ordenó la evaluación de rigor.
Luego de varios incidentes procesales, el Ministerio Pú-blico presentó finalmente su oposición por escrito. En su comparecencia adujo que Torres Serrano no cualificaba para el desvío del Art. 404(b) de la Ley de Sustancias Con-troladas, 24 L.P.R.A. sec. 2404(b), ya que había sido acu-sado bajo el Art. 411A de dicho estatuto. Según el Fiscal, tampoco era elegible para el desvío de la Regla 247.1 de Procedimiento Criminal, supra, pues ésta requiere la anuencia del Ministerio Público, elemento que no estaba presente en este caso. Además, señaló que según ambas disposiciones la persona acusada tiene que cualificar para el beneficio de libertad a prueba establecido por la Ley de Sentencias Suspendidas y Libertad a Prueba, 34 L.P.R.A. see. 1026 et seq. Sin embargo, a su entender, dicha ley ex-cluye expresamente los delitos como el de autos. Véase 34 L.P.R.A. see. 1027(6).
En vista de la oposición del Ministerio Público, y tras escuchar los argumentos de la Defensa, el Tribunal de Pri-mera Instancia denegó la solicitud de desvío. En esencia, dicho foro resolvió que como el delito tipificado por el Art. 411A de la Ley de Sustancias Controladas, supra, estaba excluido del beneficio de libertad a prueba, Torres Serrano no era elegible para el desvío de la Regla 247.1 de Procedi-miento Criminal, supra. Del mismo modo, debido al tipo de delito por el que fue acusado, tampoco cualificaba para el desvío del Art. 404(b) de la Ley de Sustancias Controladas, supra.
Inconforme, Torres Serrano recurrió al Tribunal de Ape-laciones, pero dicho foro denegó el auto solicitado. De esa decisión éste recurre ante nos y argumenta que la acusa-ción formulada en su contra sólo le imputa la mera pose-sión de marihuana. Según éste, no hay evidencia alguna de que haya tenido la intención de distribuirla o venderla. Por ende, aduce que la citada Regla 247.1 de Procedimiento *452 Criminal no excluye de su aplicación a las personas acusa-das de poseer marihuana para consumo propio en un área recreativa cuando, como ocurre en su caso, es la primera vez que se le procesa por un delito de tal naturaleza.
Con el fin de aclarar la normativa aplicable a este tipo de casos, expedimos el auto y confirmamos el dictamen re-currido sin ulterior trámite, en conformidad con la Regla 50 de nuestro Reglamento, 4 L.RR.A. Ap. XXI-A.
II
Como es sabido, los mecanismos de desvío existentes en nuestro ordenamiento jurídico tienen el propósito de implementar la política pública de rehabilitación que establece nuestra Constitución. Const. E.L.A., Art. VI, Sec. 19, L.P.R.A., Tomo 1. Aparte de su vínculo con ese mandato, sin embargo, estos procedimientos también están atados a una serie de criterios y condiciones estatutarias. Dicha normativa delimita la discreción del juez de instancia al determinar si conduce el proceso penal seguido en contra de una persona por alguna vía alterna a la encarcelación. Véase Ford Motor v. E.L.A., 174 D.P.R. 735 (2008).
El caso de autos está relacionado, precisamente, con una de esas alternativas: la Regla 247.1 de Procedimiento Criminal. La regla citada establece un procedimiento especial de desvío, afín a la concesión de libertad a prueba, con miras a lograr la rehabilitación y tratamiento de las personas adictas a sustancias controladas. En esencia, este proceso requiere que la persona acusada haga una alegación de culpabilidad, a instancias del Estado, para que el tribunal acceda a que ésta se someta a un programa de tratamiento y rehabilitación sin pronunciarse sobre su culpabilidad. Véanse: Ford Motor v. E.L.A., supra, págs. 742 — 743; Pueblo v. Texidor Seda, 128 D.P.R. 578, 584 (1991).
*453 Mediante este trámite se suspende todo procedimiento y se somete a la persona acusada a un período de libertad a prueba, durante el cual debe cumplir con todos los términos y las condiciones que le imponga el tribunal. Luego de completar exitosamente su proceso de rehabilitación, la persona acusada queda exonerada, el caso se archiva sin ulterior consideración y su expediente se clasifica como confidencial. Su contenido solamente puede considerarse para determinar si en el futuro la persona es elegible para un desvío al amparo de la regla citada. Además, se tiene que suprimir del registro correspondiente cualquier referencia a dicho proceso que obre en sus antecedentes penales. Por último, el Superintendente de la Policía debe devolverle toda aquella fotografía o huella digital que se le haya tomado durante el transcurso del proceso. 34 L.P.R.A. Ap. II, R. 247.1.
De lo anterior se desprende la naturaleza temporera y condicionada de este mecanismo de desvío, pues la suspensión del procedimiento y las condiciones de la libertad a prueba son recogidas en una resolución del foro de instancia, no en una sentencia condenatoria. Si la persona acusada cumple satisfactoriamente con el acuerdo de tratamiento, entonces el tribunal debe archivar el caso penal con impedimento para el inicio de un nuevo proceso. Ahora bien, si la persona acusada incumple con las condiciones del desvío o comete un delito grave mientras está en libertad a prueba, el tribunal puede revocar dicho beneficio sumariamente según lo dispone la Ley de Sentencias Suspendidas.
Por otra parte, el procedimiento de desvío de la Regla 247.1 de Procedimiento Criminal, supra, depende, por lo general, de un referido inicial del Ministerio Público. Esto es el resultado del propio texto de la regla, que requiere la anuencia del Secretario de Justicia o del Fiscal antes de iniciar un proceso bajo su amparo. Claro está, aun de contarse con dicha aceptación, el tribunal de instancia *454 tiene discreción para rechazar la alegación de culpabilidad que dio base a la solicitud de desvío. Del mismo modo, toda oposición del Ministerio Público debe estar plenamente fundamentada, pues en esta zona no puede recurrirse a criterios arbitrarios o irrazonables. Después de todo, no po-demos olvidar que la determinación de si se debe aceptar una alegación de culpabilidad o si una persona acusada es elegible para participar en un programa de desvío es emi-nentemente judicial. Cf.: Pueblo v. Santiago Agricourt, 147 D.P.R. 179, 198-99 (1998); Pueblo v. Figueroa García, 129 D.P.R. 798, 810 (1992).
La exigencia del consentimiento previo del Ministerio Público a una petición de desvío tramitada al amparo de la regla antes citada no está presente en disposiciones análogas como, por ejemplo, la que establece el mecanismo de desvío del Art. 404(b) de la Ley de Sustancias Controladas, supra. Véase, además, 33 L.P.R.A. see. 4679. Ahora bien, como señalamos anteriormente, la anuencia del Fiscal es un elemento importante en la evaluación de una solicitud de desvío al amparo de la Regla 247.1 antes citada. En vista de ello, debemos examinar primeramente si éste está presente en el caso de autos.
III
En su resolución denegatoria de la solicitud de desvío instada por Torres Serrano, el foro de instancia consignó que en ningún momento éste presentó una alegación de culpabilidad por el delito imputado en su contra ni sometió un convenio firmado por todas las partes, incluido el Fiscal, dirigido a proveerle servicios de rehabilitación y trata-miento por sus problemas de adicción. De un examen de los escritos anexos al presente recurso podemos constatar que el único documento sobre ese convenio que obra en el ex-pediente no contiene la firma del Fiscal a cargo del caso. Como reseñamos anteriormente, ello es consecuencia de *455 que el Ministerio Público se opuso de manera fundamen-tada a la solicitud aludida, por entender que quienes po-seen sustancias controladas en un área recreativa no de-ben ser referidos a un programa de desvío. Ante tales circunstancias, resulta forzoso concluir que Torres Serrano no es elegible para recibir los beneficios del procedimiento de desvío de la Regla 247.1 de Procedimiento Criminal, supra.
En el caso particular del procedimiento de desvío contemplado por dicha regla, el legislador estimó que el consentimiento del Fiscal es un elemento importante al evaluar si se admite a una persona acusada al trámite de rehabilitación que ésta contempla. Se trata, pues, de un requisito de índole estatutaria dirigido a implementar, de manera razonable, la política pública de rehabilitación plasmada en nuestra Constitución. En cierta medida, éste busca darle voz a los intereses de seguridad de nuestra sociedad a través de la figura del Fiscal. Por lo tanto, si el Ministerio Público presenta una oposición fundamentada a una solicitud de desvío al amparo de la regla aludida, el tribunal de instancia tiene discreción para denegarla. Precisamente, este último fue el curso de acción seguido por el foro recurrido en el caso de autos.
Por último, Torres Serrano también argumenta que cualifica para el desvío regulado por el Art. 404(b) de la Ley de Sustancias Controladas, supra. Sin embargo, coincidimos con la conclusión del foro recurrido en el sentido de que dicho procedimiento solamente está disponible para las personas acusadas, por primera vez, de poseer sustancias controladas, según el Art. 404(a) de dicho estatuto. De hecho, en casos como el de autos, la Asamblea Legislativa prohibió que se reclasificara una acusación de delito al amparo del citado Art. 411-A, para imputar meramente una posesión al amparo del Art. 404(b) de la Ley de Sustancias Controladas. Con ello se excluyó totalmente la posibilidad de que una persona acusada inicialmente por tal delito se *456 beneficie de un proceso de desvío provisto por dicha ley. 34 L.P.R.A. Ap. II, R. 72.
En atención a todo lo anterior, procede confirmar la de-terminación del Tribunal de Primera Instancia, que denegó la solicitud de desvío presentada por Torres Serrano.
IV
Por los fundamentos que anteceden, expedimos el auto solicitado, confirmamos el dictamen recurrido y devolve-mos el caso al Tribunal de Primera Instancia, Sala Superior de Guayama, para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Se dictará la correspondiente sentencia.

 Ese artículo dispone que “[t]oda persona que, a sabiendas e intencionalmente y en violación a las disposiciones de [la Ley de Sustancias Controladas], introduzca, distribuya, dispense, administre, posea o transporte para fines de distribución, venda, regale, entregue en cualquier forma, o simplemente posea cualquier sustancia controlada ... en una escuela pública o privada, instalación recreativa, pública o privada, o en los alrededores de éstas, incurrirá en delito grave y, [de resultar] con-victa, será sentenciada con el doble de las penas provistas [por los Arts. 401(b) ó 404(a) de dicho estatuto]”. (Énfasis suplido.) Én síntesis, de no haber reincidido, en el primero de los casos la persona acusada enfrentaría una sentencia de entre 20 a 60 años de reclusión. En el segundo, enfrentaría entre 4 a 10 años. 24 L.P.R.A. see. 2411a.