Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>RAFAEL ENRIQUE PÉREZ DÍAZ<br><br>Peticionario | TA2025CE00491 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Crim. Núm.: C LE2025G0196<br><br>Por: Ley 54 / 15889 Violencia Doméstica Art. 3.1 Maltrato |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Luego de aceptar una alegación de culpabilidad a raíz de un preacuerdo en un caso penal por violencia doméstica, pero antes de emitir fallo o dictar sentencia, el Tribunal de Primera Instancia ("TPI") dejó sin efecto el preacuerdo al concluir que no procedería conceder el desvío inicialmente acordado por las partes. Según se explica a continuación, concluimos que el TPI ejerció adecuadamente su discreción al respecto, pues a la fecha de los hechos el imputado cumplía una sentencia suspendida, por otro caso penal, lo cual válidamente podía llevar al TPI a determinar que no era viable conceder el desvío contemplado por el preacuerdo.

I.

Contra el Sr. Rafael Enrique Pérez Díaz (el "Imputado" o "Peticionario") se presentó una denuncia (la "Denuncia") por violación al Artículo 3.1 de la Ley 54 de 15 de agosto de 1989 ("Ley 54"), 8 LPRA sec. 631 (maltrato). Se alegó que, el 21 de abril de 2025, el Imputado "se personó a la residencia de la perjudicada y le manifestó que era una puta, una puta barata, que por lo menos las

putas cobraban ...", y que también la "agredió ... con su mano abierta en el área del rostro".

A mediados de agosto de 2025, las partes presentaron una moción sobre alegación pre-acordada. Según el acuerdo, se reclasificaría el delito imputado a una tentativa y se eliminaría la alegación de reincidencia, con el fin de "referir a desvío". El TPI, luego de examinar al Imputado en una vista, aceptó la alegación de culpabilidad contemplada por el preacuerdo. **El TPI "dejó en suspenso el fallo", y refirió al Imputado "a la Oficina de Probatoria para investigación e Informe pre sentencia a los fines de verificar si cualifica para recibir los beneficios" del desvío** contemplado por el Artículo 3.6 de la Ley 54, 8 LPRA sec. 636. Minuta de la vista del 19 de agosto de 2025. El TPI advirtió al Imputado que el acuerdo entre las partes no le obligaba a imponer determinada pena.

Dos días luego, el 21 de agosto, el Ministerio Público presentó una *Moción Solicitando Dejar Sin Efecto Alegación de Culpabilidad y Devolución del Caso a Etapa de Vista Preliminar* (la "Moción"). Se informó al TPI que, cuando el Imputado hizo alegación de culpabilidad, este "disfruta[ba] de una probatoria regular de 8 años por dos cargos de Art. 133 CP enmendados a Art. 109 CP" (el "Otro Caso"). El Pueblo arguyó que ello constituía un "impedimento legal" para que el Imputado fuese referido a desvío bajo el Artículo 3.6 de la Ley 54, *supra*. En particular, se hizo referencia a que la "probatoria regular" debía ser revocada en atención a la comisión de los hechos objeto de la Denuncia y que ello, a su vez, sería "incompatible con un desvío". Se solicitó que se dejara sin efecto la alegación de culpabilidad y se devolviera el caso a la etapa de vista preliminar.

El 25 de agosto, el TPI emitió una "Sentencia" (la "Resolución"), mediante la cual declaró con lugar la Moción y, así,

dejó sin efecto la alegación de culpabilidad del Imputado y ordenó la continuación del proceso en etapa de vista preliminar. El TPI razonó que, en atención a que, al momento de los hechos objeto de la Denuncia, el Imputado cumplía una sentencia suspendida, y al hecho de que uno de los requisitos de la misma es que no se cometa un nuevo delito, el Imputado no podría ser referido a un programa de desvío, según contemplado en el preacuerdo en el cual este descansó para declararse culpable.

El 22 de septiembre, el Imputado presentó el recurso que nos ocupa; planteó que el TPI erró "al dejar sin efecto una sentencia que contenía un pre acuerdo de culpabilidad". En un escrito posterior, el Imputado arguyó que el Ministerio Público estaba impedido de retirar su aprobación al preacuerdo, pues el TPI ya lo había aceptado.

A través del Procurador General, el Ministerio Público se opuso al recurso del Imputado. Arguyó que el TPI tenía discreción para dejar sin efecto el preacuerdo pues el mismo era "improcedente en derecho". Ello porque el preacuerdo contemplaba referir al Imputado al programa de desvío bajo la Ley 54, pero el mismo realmente no estaría disponible para el Imputado pues "procede la revocación de la probatoria de 8 años" que este disfruta por el Otro Caso. Disponemos.

II.

La Ley de Sentencia Suspendida y Libertad a Prueba, Ley Núm. 259 del 3 de abril de 1946, según enmendada ("Ley 259"), 34 LPRA sec. 1026 *et seq.*, dispone de un sistema que confiere al convicto la oportunidad de cumplir su sentencia o parte de ella en libertad, mientras observe buena conducta y cumpla las condiciones impuestas por el tribunal sentenciador. *Pueblo v. Vázquez Carrasquillo*, 174 DPR 40, 46 (2008); *Pueblo v. Negrón Caldero*, 157 DPR 413 (2002); *Pueblo v. Zayas Rodríguez*, 147 DPR 530 (1999);

*Pueblo v. Molina Virola*, 141 DPR 713 (1996); *Pueblo v. Pacheco Torres*, 128 DPR 586 (1991). La Ley 259 provee un mecanismo mediante el cual se adelanta el fin de convertir al convicto de delito en un miembro útil de la sociedad. *Pueblo v. Bonilla*, 148 DPR 486 (1999); *Pueblo v. Texidor Seda*, 128 DPR 578 (1991); *Pueblo v. Vega Vélez*, 125 DPR 188 (1990); *Vázquez v. Caraballo*, 114 DPR 272 (1983).

Por su parte, el Artículo 3.6 de la Ley para la Prevención e Intervención con la Violencia Doméstica ("Ley 54"), 8 LPRA sec. 636, permite al TPI someter, de cumplirse ciertas circunstancias, a quien es culpable de ciertos delitos bajo dicha ley a un programa de "desvío" o "libertad a prueba".

Ahora bien, el beneficio de la sentencia suspendida constituye un privilegio, por lo que su concesión reposa preponderantemente en el sano ejercicio de la discreción judicial. *Pueblo v. Vázquez Carrasquillo, supra*, págs. 46-47; *Pueblo v. Zayas Rodríguez, supra; Pueblo v. Molina Virola, supra*; *Pueblo v. Álvarez Maurás*, 100 DPR 620 (1972); *Pueblo v. Rivera*, 79 DPR 880 (1957). Así lo confirmó nuestro Tribunal Supremo al señalar que:

> [...] Tal beneficio es un <u>privilegio limitado</u> que se concederá sólo en aquellos casos en que el legislador ha expresado que existe una justificación para evitar su encarcelación. Es por ello, que la concesión de dicho privilegio a un convicto, que cualifica *prima facie*, <u>descansa en la sana discreción del foro sentenciador</u>. Ahora bien, la discreción del juez está <u>limitada a</u> que el delito no sea uno de los expresamente excluidos y <u>que se cumplan cada uno de los requisitos establecidos en la Ley de Sentencia Suspendida y Libertad a Prueba</u>. (énfasis original suprimido; subrayado nuestro) *Pueblo v. Vázquez Carrasquillo, supra*, págs. 46-47.

Al conceder este privilegio, la Ley 259 faculta al TPI a imponerle condiciones al convicto. 34 LPRA sec. 1027; *Pueblo v. Molina Virola, supra*; *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990).

El TPI podrá revocar una sentencia suspendida y ordenar su ejecución para el cumplimiento en cárcel, cuando un probando incumple con las condiciones impuestas. *Pueblo v. Vega Vélez*,

supra*; Pueblo v. Texidor Seda, supra.* En tal sentido, el Art. 4 de la Ley 259, 34 LPRA sec. 1029, establece lo siguiente:

> El tribunal sentenciador podrá, <u>en cualquier momento </u>en que a su juicio, la libertad a prueba de una persona, fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente<u>, revocar dicha libertad y ordenar la reclusión de la persona por el periodo de tiempo completo señalado en la sentencia cuya ejecución suspendió para ordenar la libertad a prueba</u>, sin abonarle a dicha persona el periodo de tiempo que estuvo en libertad a prueba. [...] (subrayado nuestro)

Además de esta causal de revocación de probatoria general y abarcadora –incompatibilidad de la libertad del probando con su rehabilitación o con la seguridad de la comunidad– existe otra causal, también abarcadora, pero limitada a determinados actos o conducta, que es la comisión de actos delictivos. Esta causal requiere distinguir entre dos de los eventos que pueden dar lugar a la revocación de una sentencia suspendida: 1) la comisión de actos criminales, y 2) la convicción por esos actos.

La Ley no se limita a la convicción de delitos como causa para revocar el privilegio de cumplir la sentencia de cárcel en la libre comunidad, sino que se extiende a toda conducta delictiva, **aunque no haya acarreado las posibles consecuencias de una acusación y un posterior fallo o alegación de culpabilidad**. *Pueblo v. Rosa Atiles*, 128 DPR 603 (1991). Así pues, ni siquiera es necesario que se presente denuncia o acusación por la nueva conducta delictiva para que ésta constituya causa de revocación. *Íd.*

Asimismo, la Ley 54 expresamente dispone que si "la persona beneficiada con la libertad a prueba [...] incumpliere con las condiciones de la misma, el tribunal, previo celebración de vista, podrá dejar sin efecto la libertad a prueba". 8 LPRA sec. 636.

En cuanto al proceso de revocación de sentencias suspendidas o libertad a prueba, la norma es que, si bien el probando no es una persona enteramente libre, el Estado no puede cancelar dicho privilegio en contravención al debido proceso de ley.

*Álamo Romero v. Administración de Corrección,* 175 DPR 314, 332-333 (2009). Para revocar, de forma final, una sentencia suspendida o probatoria, se exige actualmente: 1) una vista preliminar para determinar si hay causa probable para creer que el probando ha violado las condiciones de su probatoria; y, 2) una vista final antes de la decisión definitiva sobre si la probatoria será revocada. *Martínez Torres v. Amaro Pérez,* 116 DPR 717, 725-726 (1985).

El inciso (a) del Artículo 4 de la Ley 259, 34 LPRA sec. 1029, faculta a los oficiales del Departamento de Corrección y Rehabilitación, así como al Ministerio Público, a gestionar el arresto inmediato de un probando, cuando existan motivos fundados para creer que este ha violentado las condiciones impuestas para la libertad a prueba. 34 LPRA sec. 1029 (a). Una vez arrestado, debe ser llevado ante un magistrado para celebrar la vista sumaria inicial, dentro de un plazo de treinta y seis (36) horas desde su arresto. La Ley 259 también permite que el Ministerio Público solicite una vista *ex parte* para evaluar si existe causa probable para creer que el probando ha violado las condiciones impuestas para la libertad a prueba. *Íd.*

El propósito de la vista sumaria inicial es determinar si procede o no la revocación provisional de la probatoria y la continuación del encarcelamiento del probando hasta la celebración de la vista final. 34 LPRA sec. 1029 (b). Resaltamos, además, que una determinación de causa probable por un nuevo delito grave, cometido mientras el imputado estaba en probatoria por otros delitos, es suficiente para revocar, de manera provisional, el privilegio de libertad a prueba. *Pueblo v. Acevedo Ramos,* 173 DPR 219 (2008); 34 LPRA sec. 1027(a).

Salvo justa causa o acuerdo de las partes, con la anuencia del juez, la vista final sobre revocación deberá celebrarse dentro de un término que no exceda de quince (15) días a partir de la celebración

de la vista sumaria inicial. Ahora bien, "[e]l tribunal podrá consolidar la vista sumaria inicial y la vista final, si la vista inicial se suspendiera a petición o por causas atribuibles al probando, solicitud de su abogado, o cuando el Ministerio Público no solicite o no logre obtener el arresto y encarcelamiento del probando". Art. 4 (c) (3) de la Ley 259, 34 LPRA sec. 1029 (c) (3).

### III.

Concluimos que, al dejar sin efecto la alegación de culpabilidad del Imputado, el TPI ejerció válidamente su discreción y no cometió error de derecho alguno.

En primer lugar, contrario a lo planteado por el Imputado, el TPI tenía discreción para dejar sin efecto el preacuerdo en la etapa en que lo hizo. De hecho, al momento de emitirse la Resolución, apenas dos días luego de aceptada la alegación de culpabilidad del Imputado, el TPI no había dictado fallo ni sentencia en el caso.

En segundo lugar, y más importante aún, ante el hecho de que el TPI válidamente determinó que no consideraría al Imputado para el desvío contemplado por el preacuerdo, por razón de la probatoria que este disfrutaba al momento de los hechos objeto de la Denuncia, lo más apropiado era dejar sin efecto la alegación de culpabilidad, pues la misma se realizó descansando en un entendido que no sería viable en la práctica. Adviértase que la concesión del desvío contemplado por el preacuerdo descansa en la sana discreción del tribunal, por lo cual dicho foro válidamente podía denegar el mismo simplemente por los antecedentes penales del Imputado. Peor aún, como cuestión de derecho, las sentencias suspendidas se revocan cuando el probando comete un nuevo delito, lo cual haría imposible que el Imputado disfrute del desvío contemplado por el preacuerdo.

Finalmente, subrayamos que el TPI, al disponer que el proceso continúe con la correspondiente vista preliminar, preservó el

derecho del Imputado a defenderse plenamente de la Denuncia y libró al Imputado de un preacuerdo que no podría respetarse en la práctica, ante el estado de derecho y la discreción con la cual cuenta el TPI al determinar qué sentencia es la más apropiada. Por supuesto, nada impide que las partes lleguen a otro acuerdo que no implique referir al Imputado al programa de desvío contemplado por la Ley 54, *supra*.

IV.

Por los anteriores fundamentos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones