EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Freddy Vázquez Carrasquillo<br><br>Peticionario | Certiorari<br><br>2008 TSPR 109<br><br>174 DPR _____ |

Número del Caso: CC-2006-0985

Fecha: 20 de junio de 2008

Tribunal de Apelaciones:

       Región Judicial de Ponce-Panel IX

Juez Ponente:

       Hon. Germán J. Brau Ramírez

Abogada de la Parte Peticionaria:

       Lcda. Ana E. Andrade Rivera

Oficina del Procurador General:

       Lcda. Lesy A. Irizarry Pagán
       Procuradora General Auxiliar

Materia: Art. 122 Del Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      Recurrido

           v.

Freddy Vázquez Carrasquillo

      Peticionario

CC-2006-985

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 20 de junio de 2008.

En el presente recurso se nos solicita la revocación de una Sentencia emitida por el Tribunal de Apelaciones. En virtud de dicho dictamen, el foro apelativo intermedio revocó una Sentencia del Tribunal de Primera Instancia mediante la cual le concedió el beneficio de sentencia suspendida al señor Vázquez Carrasquillo. Concluyó que al amparo de la Ley de Sentencia Suspendida y Libertad a Prueba[1] el foro de instancia estaba impedido de concederle dicho beneficio al señor Vázquez Carrasquillo toda vez que éste tenía una deuda por

---

[1] 34 L.P.R.A sec. 1026 *et seq*.

concepto de pensión alimentaria. Veamos los hechos que originaron la presente controversia.

I

El 23 de mayo de 2005, el señor Freddy Vázquez Carrasquillo, en adelante señor Vázquez Carrasquillo, fue acusado por haber cometido el delito tipificado como agresión, en su modalidad grave[2], en la persona del señor Miguel Nuñez Burgos. En específico, se le imputó en la denuncia haber agredido al señor Nuñez Burgos con una botella de cristal en el rostro, ocasionándole así una lesión que requirió doce puntos de sutura.[3]

El 22 de septiembre de 2005, celebrada la vista preliminar, el foro de instancia determinó causa probable para acusar al señor Vázquez Carrasquillo por el delito imputado.[4] Así las cosas y previo a la celebración del juicio, el Ministerio Público y la defensa le informaron al foro primario que habían concertado una alegación

---

[2] El Artículo 122 del Código Penal proscribe lo siguiente: "[s]i la agresión descrita en el Artículo 121 ocasiona una lesión que no deja daño permanente, pero requiere atención médica, ayuda profesional especializada o tratamiento ambulatorio, incurrirá en delito grave de cuarto grado. Si la agresión ocasiona una lesión que requiera hospitalización, tratamiento prolongado o genere un daño permanente, incurrirá en delito grave de tercer grado. Esta modalidad incluye, además, lesiones mutilantes; aquellas en las cuales se transmite una enfermedad, síndrome o condición de tratamiento físico prolongado; o aquellas que requieren tratamiento sicoemocional prolongado."

[3] Apéndice del recurso de *Certiorari*, pág. 1.

[4] Íd., pág. 2.

preacordada.[5]  Mediante dicho preacuerdo, el señor Vázquez Carrasquillo registró alegación de culpabilidad por el delito imputado a cambio de que el Ministerio Público rebajara el mismo a uno de tentativa de agresión. Asimismo, el Ministerio Público sugirió que se le impusiera al señor Vázquez Carrasquillo una pena de dos (2) años de cárcel, con el beneficio de sentencia suspendida, sujeto al informe pre-sentencia del oficial probatorio.[6]

Tras leérsele al señor Vázquez Carrasquillo la acusación en su contra, éste se declaró culpable. Una vez examinada la voluntariedad de la alegación preacordada del señor Vázquez Carrasquillo, el foro primario aceptó la misma y le ordenó al oficial probatorio preparar el correspondiente informe pre-sentencia. Además, señaló el acto de dictar sentencia para el 16 de diciembre de 2005.[7]

Llegada la fecha para el acto de dictar sentencia, el Tribunal de Primera Instancia reseñaló la misma, a petición del señor Vázquez Carrasquillo, quien adujo que estaba realizando gestiones para acogerse a un plan de pago en vista de que adeudada $19,510.85 por concepto de pensión alimentaria.[8]

Posteriormente, el foro de primera instancia celebró una vista sobre solicitud de relevo de pensión alimentaria. De la minuta de dicha vista, se desprende que el señor

---

[5] Apéndice del recurso de *Certiorari*, págs. 4-5.

[6] Íd.

[7] Íd.

[8] Apéndice del recurso de *Certiorari*, pág. 6.

CC-2006-985                                                        4

Vázquez Carrasquillo abonó $4,000 a la deuda por concepto de pensión alimentaria.[9] En vista de que el hijo del señor Vázquez Carrasquillo había cumplido la mayoría de edad, el foro primario ordenó el cierre de la cuenta corriente en A.S.U.M.E y relevó a éste del pago de la pensión alimentaria. No obstante, también ordenó que la cuenta de atrasos en A.S.U.M.E. se mantuviese abierta por los próximos cinco años ya que le correspondía a su hijo realizar las gestiones pertinentes para cobrar la referida deuda.[10]

Luego de varias suspensiones, el 21 de junio de 2006, el foro de primera instancia celebró el acto de dictar sentencia. El señor Vázquez Carrasquillo arguyó que él era acreedor al beneficio de sentencia suspendida toda vez que la cuenta en A.S.U.M.E. había sido cerrada al advenir su hijo a la mayoría de edad.[11] No obstante, el Ministerio Público se opuso a que el Tribunal de Primera Instancia le concediera al señor Vázquez Carrasquillo el beneficio de sentencia suspendida ya que éste tenía una deuda por concepto de pensión alimentaria ascendente a $15,510.85.

Tras examinar los argumentos de las partes, el foro de primera instancia concluyó que no existía impedimento legal

---

[9] Apéndice del recurso de *Certiorari*, págs. 9-10. Por tanto, la deuda por incumplimiento de pago de la pensión alimentaria se redujo a $15,510.85.

[10] Íd.

[11] En dicha minuta, se hizo constar que el hijo del señor Vázquez Carrasquillo se había traslado a Estados Unidos con su madre y se desconocía su dirección.

alguno por el cual no debía conceder el beneficio de sentencia suspendida al señor Vázquez Carrasquillo.[12]

Inconforme con dicha determinación, el Procurador General, en representación del Estado, acudió ante el Tribunal de Apelaciones. Alegó, en síntesis, que el foro primario abusó de su discreción al concederle al señor Vázquez Carrasquillo el beneficio de sentencia suspendida toda vez que, a su entender, no procedía la concesión de dicho beneficio puesto que éste tenía una deuda por concepto de pensión alimentaria aunque no tenía obligación de alimentar a su hijo.

El foro apelativo intermedio acogió el planteamiento esgrimido por el Procurador General y revocó el dictamen del tribunal *a quo.* Concluyó que el foro de primera instancia estaba impedido de concederle el beneficio de sentencia suspendida al señor Vázquez Carrasquillo toda vez que la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, excluye de dicho beneficio a las personas que han incumplido con su obligación de pagar pensión alimentaria o no estén acogidos a un plan de pago.

Insatisfecho, el señor Vázquez Carrasquillo acude ante nos mediante recurso de *Certiorari* y arguye que el foro apelativo intermedio cometió el error siguiente:

> **Erró el Tribunal de Apelaciones al denegarle al aquí peticionario el beneficio de sentencia suspendida, toda vez que éste satisface todos los requisitos establecidos en la Ley de Sentencias [sic] Suspendidas [sic] para la concesión de la misma ya que éste, al momento que el Tribunal de Primera Instancia dictó sentencia, no tenía**

---

[12] Apéndice del recurso de *Certiorari*, pág. 11.

**obligación alguna de pagar pensión alimentaria por ser su hijo mayor de edad y ASUME cerró [sic] su caso.**

Vista la petición de *certiorari*, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver sin ulterior trámite.

## II

La Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, instituyó en nuestro ordenamiento un sistema mediante el cual se le otorga a un convicto la oportunidad de cumplir su sentencia o parte de ésta fuera de las instituciones carcelarias, siempre y cuando éste observe buena conducta y cumpla con todas las restricciones que el tribunal le haya impuesto.[13] El fin de la sentencia suspendida es rehabilitar al individuo que delinque y lograr que éste se convierta en un miembro útil de la sociedad.[14] Es por ello que la idea que subyace tras el mecanismo de la sentencia suspendida es lograr que el convicto de delito viva una vida productiva en la sociedad, alejado del trasiego delictivo, al amparo de un sistema de supervisión.[15]

Reiteradamente hemos resuelto que la concesión del beneficio de sentencia suspendida es discrecional toda vez

---

[13] Pueblo v. Zayas Rodríguez, 147 D.P.R. 530 (1999); Pueblo v. Molina Virola, 141 D.P.R. 713 (1996).

[14] Véase Pueblo v. Rodríguez Velázquez, 152 D.P.R. 192, 202 (2000); Pueblo v. Zayas Rodríguez, *supra*.

[15] Pueblo v. Rodríguez Velázquez, *supra*; Pueblo v. Texidor Seda, 128 D.P.R. 578 (1991).

que el disfrute de éste es un privilegio y no un derecho.[16] Tal beneficio es un privilegio limitado que se concederá sólo en aquellos casos en que el legislador ha expresado que existe una justificación para evitar su encarcelación.[17] Es por ello que la concesión de dicho privilegio a un convicto, que cualifica prima facie, descansa en la sana discreción del foro sentenciador.[18] Ahora bien, la discreción del juez está limitada a que el delito no sea uno de los expresamente excluidos y **que se cumplan cada uno de los requisitos** establecidos en la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*.[19]

A esos efectos, la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, dispone que el juez podrá suspender los efectos de una sentencia si concurren todos los requisitos siguientes:

> 1) Que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada; y a la cual no se hubieren suspendido los efectos de una sentencia anterior por delito grave.
>
> (2) Que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la

---

[16] Pueblo v. Rodríguez Velázquez, *supra*, pág. 202; Pueblo v. Zayas Rodríguez, *supra*; Pueblo v. Molina Virola, *supra*.

[17] Pueblo v. Rodríguez Velázquez, *supra*; Pueblo v. Pérez Rivera, 129 D.P.R. 306 (1991).

[18] Pueblo v. Zayas Rodríguez, *supra*.

[19] Pueblo v. Bonilla Vázquez, 148 D.P.R. 486, 495 (1999); Pueblo v. Texidor Seda, *supra*.

reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico.

(3) Que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad. […] y

(4) **[Q]ue, en los casos en que se tiene la obligación de pagar una pensión alimentaria,** dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos [sic] y esté cumpliendo con el mismo.[20] (Énfasis suplido).

Del texto citado anteriormente se desprende que el foro de primera instancia no podrá suspender los efectos de una sentencia cuando el convicto incumpla con su obligación de pagar la pensión alimentaria a sus vástagos. De igual forma, el foro sentenciador no podrá conceder los beneficios de la sentencia suspendida cuando el convicto tenga la obligación de pagar una pensión alimentaria y haya incumplido con el plan de pago establecido para abonar a la deuda acumulada.

Es menester señalar que el inciso cuatro (4) del referido estatuto fue incorporado por la Ley Especial de Sustento de Menores.[21] Dicha enmienda respondió a la necesidad del Estado de implantar una política pública

---

[20] 34 L.P.R.A. sec. 1027.

[21] 8 L.P.R.A sec. 501 *et seq.*

efectiva en aras de combatir el incumplimiento de los padres con su obligación moral y legal de alimentar a sus hijos dependientes.[22]

Nuestro ordenamiento no le concede los beneficios de la sentencia suspendida a aquellos convictos que al momento de dictar sentencia incumplen su obligación de pagar la pensión alimentaria toda vez que la obligación de alimentar a los hijos está revestida del más alto interés público y dimana del derecho a la vida, plasmado en nuestra Constitución.[23] Es por ello que en nuestra jurisdicción los menores tienen un derecho fundamental a recibir alimentos.[24] Aun cuando el Artículo 142 del Código Civil[25] circunscribe el derecho de alimentos a la minoridad de los hijos, hemos resuelto que "ni la emancipación ni la mayoría de edad de los hijos relevan al padre de cumplir con su obligación de alimentar a sus hijos si éstos lo necesitaren y las circunstancias lo justificaren."[26] La obligación de los padres de pagar pensión alimentaria puede extenderse aún después de que el hijo ha cumplido la mayoría de edad si se

---

[22] Véase Exposición de Motivos de la Ley Núm. 86 de 17 de agosto de 1994.

[23] Artículo II, Secs. 1 y 7, Const. E.L.A., L.P.R.A., Tomo I.

[24] Rodríguez v. Depto. Servicios Sociales, 132 D.P.R. 617, 633 (1993).

[25] 31 L.P.R.A. sec. 561.

[26] Sosa Rodríguez v. Rivas Sariego, 105 D.P.R. 518, 523 (1976). Véase Artículos 149 y 150 del Código Civil, 31 L.P.R.A. secs. 568 y 569.

cumplen las circunstancias expresadas en Key Nieves v. Oyola Nieves, *infra*.[27]

Ahora bien, es preciso señalar que la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, dispone que el beneficio de sentencia suspendida se le concederá al convicto cuando éste ha cumplido con su obligación de alimentar a sus hijos o esté acogido a un plan de pago. Conforme lo anterior, surge con meridiana claridad que si al momento de dictar sentencia el convicto no tiene obligación de alimentar a sus hijos y ha cumplido con los demás requisitos establecidos en la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, el tribunal de instancia, a su discreción, podrá suspender los efectos de la sentencia de reclusión.

III

Procedamos entonces a aplicar la normativa antes esbozada a la controversia ante nuestra consideración.

En el caso de autos, el foro apelativo intermedio concluyó que el señor Vázquez Carrasquillo no tenía derecho al beneficio de sentencia suspendida –aunque no tenía obligación de alimentar a su hijo– puesto que tenía una deuda sustancial por concepto de pensión alimentaria y no estaba acogido a un plan de pago relacionado con dicha

---

[27] En Key Nieves v. Oyola Nieves, 116 D.P.R. 261 (1985), resolvimos que cuando la hija o el hijo ha iniciado estudios universitarios durante la minoridad, éste tiene derecho a exigir que el alimentante le provea los medios para terminarlos, aún después de haber llegado a la mayoridad. Respecto a los estudios postgraduados, resolvimos que éstos ameritan una consideración especial y separada, que deberá resolverse caso a caso.

deuda. Erró el foro apelativo intermedio al así resolver. Veamos.

De entrada, es menester señalar que la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, dispone que el Tribunal de Primera Instancia podrá suspender los efectos de una sentencia de reclusión si, entre otras cosas, **el convicto que tiene la obligación de pagar una pensión alimentaria** ha realizado los pagos correspondientes o está cumpliendo con el plan de pago establecido.

De conformidad con la aludida disposición legal y según expresáramos en el acápite anterior, el foro sentenciador podrá suspender los efectos de una sentencia de reclusión si el convicto no tiene obligación de pagar pensión alimentaria. Asimismo, el Tribunal de Primera Instancia podrá suspender los efectos de una sentencia de reclusión cuando al momento de dictar sentencia, el convicto no tiene obligación de pagar pensión alimentaria **pero tiene una deuda con un hijo mayor de edad por concepto de pensión alimentaria atrasada y devengada cuando era menor de edad.** Ello es así, toda vez que la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, **no excluye** del beneficio de sentencia suspendida a aquellas personas convictas que tienen una deuda por concepto de pensión alimentaria **pero que al momento de dictar sentencia no tienen la obligación de alimentar a sus hijos mayores de edad.**

Es imperativo señalar que nuestro análisis no vulnera ni atenta contra la política pública diseñada por el Estado

para combatir el incumplimiento de los padres con la obligación de alimentar a sus hijos. Aun cuando reconocemos que la obligación de los padres de alimentar a sus hijos es de raigambre constitucional, no podemos ignorar el lenguaje claro e inequívoco de la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*. Sabido es que las reglas de herméutica legal disponen que los estatutos penales deberán interpretarse restrictivamente, mas ello no significa que a las palabras del legislador deba dársele un significado más limitado o que deba hacerse caso omiso a su evidente intención.[28] De conformidad con los principios de hermenéutica legal, no podemos refrendar una interpretación que le deniegue el beneficio de sentencia suspendida a aquellos convictos que no tienen obligación de alimentar a su prole.

Estamos conscientes del grave problema social que genera el incumplimiento de los padres con la obligación de alimentar a sus hijos pero no podemos enmendar mediante *fiat judicial* la Ley de Sentencia Suspendida y Libertad a Prueba, *supra*, y crear un nuevo requisito a ser considerado por el Tribunal de Primera Instancia al momento de decidir si un convicto cualifica para el beneficio de sentencia suspendida. Ello tendría la inevitable consecuencia de denegarle el beneficio de sentencia suspendida a aquellos convictos que cualifican *prima facie* para el mismo. Por tanto, si la persona convicta adeuda dinero a un hijo mayor de edad por concepto de pensión alimentaria atrasada <u>pero</u>

---

[28] <u>Pueblo v. Mantilla</u>, 71 D.P.R. 36, 44 (1950).

no tiene obligación de alimentar a ese hijo u otros al momento de dictar sentencia, el foro de primera instancia podrá suspender la sentencia de reclusión.

En virtud de lo antes expuesto, es forzoso concluir que el foro de primera instancia actuó correctamente al concluir que el señor Vázquez Carrasquillo era acreedor de los beneficios de la sentencia suspendida toda vez que al advenir su hijo a la mayoría de edad, no tenía obligación de alimentar a su hijo.[29]

IV

Por los fundamentos antes expuestos, se revoca la sentencia recurrida emitida por el Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia que le concedió el beneficio de sentencia suspendida al señor Vázquez Carrasquillo.

Se dictará sentencia de conformidad.

                    Efraín E. Rivera Pérez
                    Juez Asociado

---

[29] Ahora bien, distinto sería el caso si al advenir el hijo a la mayoría de edad, aún subsiste la obligación del padre de pagarle pensión alimentaria. En ese caso, el convicto no sería acreedor al beneficio de sentencia suspendida puesto que tendría la obligación de alimentar a su hijo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

     v.

Freddy Vázquez Carrasquillo       CC-2006-985

     Peticionario

SENTENCIA

San Juan, Puerto Rico, a 20 de junio de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia recurrida emitida por el Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia que le concedió el beneficio de sentencia suspendida al señor Vázquez Carrasquillo.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez disiente con opinión escrita a la cual se une la Jueza Asociada señora Fiol Matta.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.

                           CC-2006-985

Freddy Vázquez Carrasquillo

    Peticionario

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez a la cual se une la Jueza Asociada señora Fiol Matta.

San Juan, Puerto Rico, a 20 de junio de 2008

Disiento de la determinación que hoy anuncia este Tribunal por entender que la misma descansa en una interpretación equivocada de la Ley de Sentencia Suspendida y Libertad a Prueba (Ley de sentencia suspendida). 34 L.P.R.A. secs. 1026 *et seq.*

Como correctamente señala la Opinión del Tribunal, la controversia central en este caso gira en torno a si el peticionario cualifica o no para recibir el beneficio de una sentencia suspendida. El Tribunal resuelve que la Ley de sentencias suspendidas **"no excluye** del beneficio de

sentencia suspendida a aquellas personas convictas que tienen una deuda por concepto de pensión alimentaria **pero que <u>al momento de dictar sentencia</u> no tienen la obligación de alimentar a sus hijos mayores de edad.**" (Énfasis en original.) Con esta lectura en mano, el Tribunal aplica la Ley de sentencias suspendidas a los hechos de este caso y concluye que el peticionario, en efecto, cualificaba para el privilegio de una sentencia suspendida porque al momento de dictarse la sentencia en su caso, éste ya no tenía una obligación legal de alimentar a su hijo. No comparto esta visión sobre el contenido de la ley, como tampoco, naturalmente, su aplicación al caso. Me explico.

El artículo 2 de la Ley de sentencias suspendidas lee en lo pertinente, de la siguiente manera:

> El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que hubiera dictado en todo caso de delito grave … y ordenará que la persona sentenciada quede en libertad a prueba **siempre que al tiempo de imponer dicha sentencia, concurran todos los requisitos [que] a continuación se enumeran:**
>
> > 1 …;
> > 2 …;
> > 3 …;
> >
> > 4 que, **en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido aun plan de pagos y esté cumpliendo con el mismo.**
> > (Énfasis nuestro.)

34 L.P.R.A. sec. 1027

La ley lo que persigue es que quienes puedan cualificar para recibir el privilegio de una sentencia

suspendida, sean aquéllos que hayan cumplido con su obligación de prestar alimentos y no adeuden cantidad alguna en tal concepto o, que cuando exista una deuda, el alimentante se haya acogido a un plan de pago para su liquidación, con el cual está cumpliendo. Es decir, lo medular en la ley es que no se adeuden pensiones alimentarias, de ahí que se provea para que quienes se encuentren acogidos a un plan de pago y lo estén cumpliendo, puedan cualificar para el privilegio. Tal y como apunta el propio artículo, mientras no se pague "se tiene la obligación de pagar."

Ello así, pues como sabemos, es política pública del Estado procurar que las personas legalmente responsables de la manutención de un menor cumplan con esa obligación. Véase, Exposición de motivos, Ley núm. 86 de 17 de agosto de 1994, Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. secs. 501 *et seq*. Como en tantas ocasiones hemos indicado, la obligación de prestar alimentos está revestida del más alto interés público y dimana del derecho a la vida consagrado en la Constitución del Estado Libre Asociado, Art. II, secs. 1 y 7. Véanse, *Martínez v. Rodríguez*, 160 D.P.R. 145 (2006); *Argüello v. Argüello*, 155 D.P.R. 62 (2001); *Figueroa Robledo v. Rivera Rosa*, 149 D.P.R. 565 (1995). Es un deber, no tan sólo legal, sino sobre todo moral. La relación paterno-filial justifica, sin más, la imposición de la obligación de

proveer para las necesidades básicas de la vida, al margen de la voluntad de quien está obligado.

En este caso no hay controversia alguna de que al momento de ser sentenciado, el aquí peticionario tenía una deuda sustancial en concepto de pensión alimentaria y no estaba acogido a plan de pago alguno para su liquidación. A mi juicio, ello necesariamente lo excluía del beneficio de sentencia suspendida pues su obligación de prestar alimentos había sido incumplida y existía una deuda vigente. Es decir, si bien al momento de sentenciarlo el peticionario ya no tenía la obligación de continuar prestando alimentos a su hijo por éste haber alcanzado la mayoridad, lo cierto es que sí tenía la obligación de pagar la deuda acumulada en concepto de pensión alimentaria. La existencia de dicha obligación y su incumplimiento impiden que éste se beneficie del privilegio de sentencia suspendida por disposición del artículo 2. Lo relevante es que en ese momento —al dictarse la sentencia— no exista una deuda pendiente en concepto de alimentos y que si la hubiere, se esté liquidando mediante plan de pago.

Adviértase que la deuda alimenticia es una deuda de un peculiar contenido. El objeto de la prestación debida por el alimentante comprende todo lo que sea indispensable para el sustento, habitación, educación, vestido y asistencia médica. 31 L.P.R.A. sec. 561. El dinero es el medio de pago y cumple la función de liquidación, pero no transforma la deuda "pues lo debido en ella no es una cantidad cifrada

como tal, sino la satisfacción de una necesidad…." N. Martínez Rodríguez, *La obligación legal de alimentos entre parientes*, La Ley, Madrid, 2003, pág. 204.

Por contra, la Mayoría hoy resuelve que como en este caso el peticionario ya no tiene la obligación de pagar una pensión alimentaria ya que su hijo alcanzó la mayoría de edad, la exclusión contenida en la Ley de sentencias suspendidas no constituye impedimento para que éste cualifique para este privilegio. Ello, a pesar de que la deuda de alimentos está vigente. Estoy en profundo desacuerdo con la norma que hoy se anuncia, pues la misma permite circunvalar el propósito del legislador al adoptar la disposición en controversia en este caso.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada